5

017

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

United States District Court
Southern District of Texas
FILED

DEC 2 8 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SANDRA DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | Case No. B-00-182 |
| | § | |
| EDWARD A. VALENT, | § | |
| | § | |
| Defendant. | § | |

-----------------------------------------------------------------
DEFENDANT EDWARD VALENT'S
MOTION TO DISMISS
REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS
-----------------------------------------------------------------

I    INTRODUCTION

1.    COMES NOW DEFENDANT EDWARD VALENT and moves the court Pursuant to the Federal Rules of Civil Procedure, including Rule 12-h(3), for an order dismissing this case in whole or part. References to paragraph numbers in plaintiff's complaint, which were not numbered in the paper as filed in state court, refer to such paragraphs as numbered by defendant in his amended answer, attached as Exhibit A thereto.  In support of this motion defendant submits for the court's consideration such matters as stated herein and in any memorandum filed in support hereof.

II    SUBJECT MATTER JURISDICTION

2.    Plaintiff asserts in her petition that

This action is properly presented herein following a Complaint to the Texas Commission on Human Rights

DEFENDANT EDWARD VALENT'S
MOTION TO DISMISS
REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS                1

and the Equal Employment Opportunity Commission
based on the matters described herein. ...
Jurisdiction and Venue over this controversy is
[*sic*] proper herein.

*Petition*, p. 1, paragraph 1

Plaintiff also alleges "All conditions precedent to the filing of
this action and the recovery of the damages prayed for herein have
occurred and have been performed." *Petition*, page 2, paragraph 8.

3.   Plaintiff's allegations as above referenced present three
issues of subject matter jurisdiction, 1) defendant is not defined
as an "employer" under either Title VII or the corresponding state
statute (Chapter 21 - Texas Labor Code); and 2) in fact plaintiff
has not completed "[a]ll conditions precedent," in ways including
that plaintiff did not name defendant Edward Valent in her charge
to the EEOC (See Exhibit A hereto.), and,  has not received a
"Notice of Right to Sue" from the U.S. EEOC or a "Notice  of Right
to File Civil Action" from the Texas Commission on Human Rights.

4.   Based on matters above stated, this court lacks subject
matter jurisdiction over any claims by plaintiff against defendant
under both the state and federal statutes.  Plaintiff's allegations
have no basis in fact or law, and are difficult to understand in
context of  the provisions of Rule 13 of the Texas Rule of Civil
Procedure, or its federal equivalent, Rule 11 of the Federal Rules
of Civil Procedure.  Accordingly, any and all of plaintiff's claims
under Title VII or the equivalent Texas fair employment practices

statute should be dismissed for lack of subject matter jurisdiction.

### III.    PLAINTIFF'S FAILURE TO IDENTIFY HERSELF

5.    Plaintiff has failed to identify herself to the court or to defendant.   However, plaintiff has identified herself to at least three government agencies in matters related to this case. Plaintiff's conduct herein is in curious conflict with her prior conduct.   Previously herein the court *sua sponte* entered a show cause order directing plaintiff to show cause why this case should not be dismissed for plaintiff's failure to identify herself.   The court held the show cause hearing December 15, 2000, and directed plaintiff to file an appropriate motion stating plaintiff's position as to why plaintiff should not proceed using her legal name.   To date plaintiff has failed to file such motion.

6.    As a matter of law plaintiff cannot at this time assert statutory claims of "sexual harassment" (See paragraphs 2-4, above.).   Plaintiff has already identified herself to the EEOC and the Texas Commission, and plaintiff's charge will become public record as soon as the EEOC closes its investigative file in the case.   Plaintiff has already released her identity to a third party, the Brownsville Independent School District ("BISD"), named as Respondent in plaintiff's EEOC charge (See Exhibit A.).   Thus, plaintiff has already waived any expectation of privacy.

7.    Defendant would offer to prove that plaintiff may have

DEFENDANT EDWARD VALENT'S
MOTION TO DISMISS
REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS                    3

also filed a criminal report, in her own name, with the BISD police department.    Based on best information and belief, but without actual knowledge, defendant also believes plaintiff, once again in her legal name, filed an internal grievance with BISD based on matters at issue herein.    Documents reflecting such criminal and civil complaints, though at present unavailable to defendant, are also in whole or part public record.    Clearly plaintiff herself has waived any right or expectation to proceeding anonymously before this court.

8.    Plaintiff's failure to proceed in her legal name herein deprives defendant of his right to Due Process under the Fifth Amendment, in ways including that defendant has the right to be confronted by his accuser, defendant cannot properly pursue his counterclaims against plaintiff unless her identity is known, and defendant cannot organize his defense unless he can make inquires to third parties regarding plaintiff.

9.    Plaintiff's allegations do not state any circumstances which might entitle plaintiff to proceed anonymously.    Plaintiff's employer is already aware of plaintiff's identity.    The records in the administrative cases pending before the EEOC and the Texas Commission contain plaintiff's name.    In time the public will have access to plaintiff's identity based on plaintiff's own administrative complaints wherein *plaintiff herself chose to proceed under her legal name.*    Plaintiff has not pleaded any

DEFENDANT EDWARD VALENT'S
MOTION TO DISMISS
REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS                    4

special circumstances.   It appears plaintiff has disclosed her identity to everyone here relevant except defendant.

10.   As defendant suggested at the show cause hearing, in order to enable the court to review any possible compelling reason for plaintiff to proceed anonymously, defendant requests the court order plaintiff forthwith to make offers of proof on the elements of all claims and causes of action plaintiff asserts, stating, at a minimum, against whom plaintff makes such allegations, the factual basis for same, when and where such events occurred.   The court could review such offers of proof in chambers, and thereafter address the issue of plaintiff's alleged request to proceed anonymously.

11.   WHEREFORE, PREMISES CONSIDERED, Defendant Edward Valent prays the court grant this motion and Order such relief as is requested below.

12.   ORDER that any and all plaintiff's claims of employment discrimination against defendant Edward Valent under Title VII (42 U.S.C. 2000-e, *et seq.*, As Amended), and the Texas fair employment practices statute (Chapter 21 of the Labor Code), be dismissed for lack of subject matter jurisdiction.

13.   ORDER that unless plaintiff "Sandra Doe" files with the Clerk within 10 days of the court's order hereon, a motion for leave to amend, and proposed amended complaint wherein plaintiff appears under her legal name, that this case be dismissed with

DEFENDANT EDWARD VALENT'S
MOTION TO DISMISS
REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS                              5

prejudice.

14.   ORDER, in the alternative to relief requested in paragraph 13, above, that plaintiff within 10 days of the order hereon make written offers of proof on the elements of all claims and causes of action plaintiff asserts against defendant Edward Valent, stating, at a minimum, against whom plaintiff makes such allegations, the factual basis for same, when and where such events occurred.

15.   ORDER that Defendant recover against plaintiff reasonable costs and attorney's fees, in matters relating to defendant's response to plaintiff's failure to proceed under her legal name.

16.   ORDER such other and further relief as is proper and just.

Respectfully Submitted,

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597
956.761.6644 Telephone
956.761.7424 Telecopier


Paul Hemphill
LAW OFFICES OF
PAUL HEMPHILL
815 Ridgewood
Brownsville, Texas 78520


Attorneys for
DEFENDANT EDWARD VALENT

## CERTIFICATE OF CONFERENCE
### Pursuant to the FRCP and Local Rule 6.A(4)

Prior to filing this motion, defendant's counsel conferred with plaintiff's counsel regarding issues other than subject matter jurisdiction. Based on such, defendant states the parties are unable to agree about the disposition of this motion.

Date: 12/26/00

David Horton

----------------------------------------------------------------

### Certificate of Service

I served a copy of this pleading on counsel of record below,

Mr. J. Arnold Aguilar
LAW OFFICE
J. ARNOLD AGUILAR
Artemis Square - Suite H-2
1200 Central Boulevard
Brownsville, TX 78520
956.504.1100 telephone
956.504.1408 telecopier

By means of   FCM   .   Date: 12/26/00

David Horton

DEFENDANT EDWARD VALENT'S
MOTION TO DISMISS
REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS          8

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

☐ FEPA
☒ EEOC  360A01937

__Texas Commission on Human Rights__ and EEOC
*State or local Agency, if any*

NAME *(Indicate Mr., Ms., Mrs.)*
Mrs.

HOME TELEPHONE *(Include Area Code)*
(956)

STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

NAME
Brownsville I S D

NUMBER OF EMPLOYEES, MEMBERS
Cat D (501 +)

TELEPHONE *(Include Area Code)*
(956) 548-8000

STREET ADDRESS CITY, STATE AND ZIP CODE
1900 W Price Road, Brownsville, TX 78521

COUNTY
061

NAME

TELEPHONE NUMBER *(Include Area Code)*

STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST 08/01/1999  LATEST 08/21/2000
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

Beginning with the 1999/2000 school year and continuing I have been subjected to harassment by Eddie Valent Principal of the Alternative Center. Mr. Valent during this same period subjected me to sexual harassment of the most egregious nature as a condition for receiving a favorable evaluation and remaining employed. As Principal of the Alternative Center, I believe Mr. Valent had autonomy and there was no one to report his actions to. As a result of the harassment and sexual harassment I was hospitalized. I filed a grievance on or about April 6, 2000 regarding the harassment and sexual harassment, instead of taking action against Mr. Valent the School District allowed him to resign.

I believe that I have discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

☑ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. I declare under penalty of perjury that the foregoing is true and correct.

9/1/00

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)*

Frances Peña

EXHIBIT A