027

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

United States District Court
Southern District of Texas
FILED

JAN 1 7 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SANDRA DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | Case No. B-00-182 |
| | § | |
| EDWARD A. VALENT, | § | |
| | § | |
| Defendant. | § | |

-----------------------------------------------------------

DEFENDANT EDWARD VALENT'S MEMORANDUM IN SUPPORT OF
*DEFENDANT EDWARD VALENT'S*
*MOTION TO DISMISS*
*REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS*

-----------------------------------------------------------

I    INTRODUCTION

1.   COMES NOW DEFENDANT EDWARD VALENT and files this DEFENDANT EDWARD VALENT'S MEMORANDUM IN SUPPORT OF *DEFENDANT EDWARD VALENT'S MOTION TO DISMISS REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS*. In support of such motion, defendant submits for the court's consideration such matters as stated in the motion and herein.

A.    Procedural Matters

2.   Defendant Edward Valent, a former high school principal is being sued under Title VII by a female employee of the school for sexual harassment. Plaintiff "Sandra Doe" filed anonymously and asserts claims under Title VII for individual liability against

DEFENDANT EDWARD VALENT'S MEMORANDUM IN SUPPORT OF
*DEFENDANT EDWARD VALENT'S MOTION TO DISMISS*
*REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS*                    1

defendant Valent. Defendant Valent filed the subject motion on or about December 27, 2000. As of the date of this memorandum defendant has not been served with a paper by plaintiff in opposition to defendant's motion to dismiss.

B.    Questions Presented

3.    Under Title VII of the Civil Rights Act of 1964, as Amended in 42 U.S.C.A. § 2000-e, can an individual be held liable for a violation?

4.    Under Rules 10 and 17 of the Federal Rules of Civil Procedure can the plaintiff in this case file an action using a fictitious name?

II    SUBJECT MATTER JURISDICTION

5.    Plaintiff asserts in her petition that

This action is properly presented herein following a Complaint to the Texas Commission on Human Rights and the Equal Employment Opportunity Commission based on the matters described herein. ... Jurisdiction and Venue over this controversy is [sic] proper herein.

*Petition*, p. 1, paragraph 1

Plaintiff also alleges "All conditions precedent to the filing of this action and the recovery of the damages prayed for herein have occurred and have been performed." *Petition*, page 2, paragraph 8.

6.    Plaintiff's allegations as above referenced present three issues of subject matter jurisdiction, 1) defendant is not defined as an "employer" under either Title VII or the corresponding state

statute (Chapter 21 - Texas Labor Code); and 2) in fact plaintiff has not completed "[a]ll conditions precedent," in ways including that plaintiff did not name defendant Edward Valent in her charge to the EEOC (See motion Exhibit A.), and, has not received a "Notice of Right to Sue" from the U.S. EEOC or a "Notice of Right to File Civil Action" from the Texas Commission on Human Rights.

7.    Regarding issue of whether the defendant, can be held liable individually, under  Title VII, as Amended, states:

> (a) Employer practices
>
> It shall be an unlawful employment practice for an employer--
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 USCA § 2000e-2(a) (West Supp. 2000).

8.    The term employer is further defined within the code as:

> (b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe,

or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501© of Title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

42 U.S.C.A. § 2000e(b) (West Supp. 2000)

9.   Two recent Fifth Circuit cases have addressed the issue of individual liability under a Title VII violation.  In *Grant v. Lone Star Company*, the plaintiff (employee) had been subjected to ongoing sexual harassment.  21 F.3d 649 (5th Cir. 1994).  Grant alleged that her branch manager, Mitchell Murray, not only participated in "sexually suggestive conduct," but encouraged other co-workers and visitors to do likewise.  See *Id.* at 650.  At the jury trial, only Murray was found liable for sexual harassment and was ordered to pay damages.  See *Id.* at 651.  Murray appealed this judgment on the grounds that under Title VII individuals who do not qualify as employers cannot be held liable for damages.  See *Id.*

10.   The court agreed with Murray and noted that in the language of Title VII, "individuals acting in their individual capacity who do not otherwise meet the definition of employers," cannot be held liable under Title VII and cited several decisions, which supported this premise.  See *Id.* at 651-52;  See generally

*Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583 (9th Cir. 1993)(Title VII liability does not apply to supervisory personnel); *Busby v. Orlando*, 931 F.2d 764 (11th Cir. 1991)(any relief under Title VII is limited to the employer and not to the individual employee who violated Title VII); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982)(Title VII applies to unlawful practices by an employer, not to employees).

11.  The court concluded that Congress could have made an individual liable for actions violative of Title VII, but instead chose not to do so. *Grant*, 21 F.3d at 653. As evidence of Congress' intent not to include individuals who were not employers, the court pointed to other statutory schemes such as 42 U.S.C. § 1981, 1983, 1985 and 1986, which specifically do include individual liability. See *Id.* The court held that since Congress has included individual liability in other statutes, if their intent had been to hold individuals liable under Title VII, it would have been specified in the statute. See *Id.*

12.  Similarly, in *Indest v. Freeman Decorating, Inc.*, the Fifth Circuit held that individual employees could not be sued under Title VII in their individual capacity. 164 F.3d 258, 262 (5th Cir. 1999). Here, a former employee brought a Title VII action against both her former employer, Freeman, and against the company's Vice President for making sexual comments and

inappropriate gestures in the course of her employment.  See *Id.* at
260.   The District Court held that applying the law of the Fifth
Circuit, "employees may not be sued for damages in their individual
capacities."   *Id.* at 262.

13.   The Court of Appeals affirmed the decision of the lower
court holding that "this circuit does not interpret the statute as
imposing individual liability for such a claim."   *Id.*;   See also
*Pfau v. Reed*, 125 F.3d 927, 935-36 (5th Cir. 1997.   Further, that
the wording in Title VII regarding the liability of agents, is
meant to only incorporate the doctrine of *respondeat superior*.   See
*Id.*   Because the doctrine of *respondeat superior* applies in Title
VII actions, the court noted that an employer could essentially be
held liable twice were the plaintiff allowed to file against both
the employer and the supervisor.  See *Id.*

14.   In the instant case, defendant Edward Valent was the
principal of the school, and while he was in a supervisory capacity
within the school, he is not an "employer" within the definitions
provided in Title VII.   Further, defendant is merely an agent of
BISD, and   to allow plaintiff to sue him individually could
potentially subject the school to double liability under the theory
of *respondeat superior.*

15. Based on matters above stated, this court lacks subject
matter jurisdiction over any claims by plaintiff against defendant

19. Defendant seeks to compel her to reveal her identity. This issue can be analyzed under Rules 10(a) and 17(a) of the Federal Rules of Civil Procedure, which define the manner in which any court action must be filed.

20. In order to prevail, the defendant must show that the plaintiff in this case does not fall under an exception to the general rule. With regard to Rule 10(a), the general rule for pleadings is:

> Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

Fed. R. Civ. P. 10(a).

21. The purpose of Rule 10 is to "apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings." *Free Mkt. Compensation v. Commodity Exch., Inc.,* 98 F.R.D. 311, 312 (S.D.N.Y. 1983); See also *Doe v. Rostker,* 89 F.R.D. 158, 160 (N.D.Cal. 1981); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont. 1974). Rule 17(a) reads in part:

> Every action shall be prosecuted in the name of the real party in interest . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection

DEFENDANT EDWARD VALENT'S MEMORANDUM IN SUPPORT OF
*DEFENDANT EDWARD VALENT'S MOTION TO DISMISS*
*REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS*                    8

> for ratification of commencement of the action by,
> or joinder or substitution of, the real party in
> interest; and such ratification, joinder, or
> substitution shall have the same effect as if the
> action had been commenced in the name of the real
> party in interest.

Fed. R. Civ. P. 17(a).

    22.  Regarding discovery, Rule 26(a) states that parties shall
provide

> the name . . . of each individual likely to have
> discoverable information."   Fed. R. Civ. Pro.
> 26(a). However, this provision appears to apply
> primarily to witnesses who will provide information
> during the trial.

Rule 26(a), Federal Rules of Civil Procedure.   Certainly plaintiff

" will provide information during the trial."

    23.  Courts have held that "these requirements are not a

matter of mere administrative convenience for court staff and

counsel. They also protect the public's "legitimate interest in

knowing which disputes involving which parties are before the

federal courts that are supported with tax payments and that exist

ultimately to serve the American public."   *Doe v. Indiana Black*

*Expo, Inc.*, 923 F.Supp. 137, 139 (S.D.Ind. 1996);  See also *Doe v.*

*Frank*, 951 F.2d 320, 324 (11th Cir. 1992);  *Rostker*, 89 F.R.D. at

160.  Additionally, the Tenth Circuit has noted that concealing a

plaintiff's true name "may cause problems to defendants engaging in

*discovery* and establishing their defenses, and in fixing *res*

judicata effects of judgments."   *Lindsey v. Dayton-Hudson Corp.*,

DEFENDANT EDWARD VALENT'S MEMORANDUM IN SUPPORT OF
*DEFENDANT EDWARD VALENT'S MOTION TO DISMISS*
*REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS*                    9

592 F.2d 1118, 1125 (10th Cir. 1979).

24.  Although the Federal Rules of Civil Procedure require plaintiffs to disclose their names when commencing a lawsuit, the public's right to attend trials and know the identity of the parties is not absolute.  See *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).  The Supreme Court has noted "(w)hat transpires in the courtroom is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947).  However, in 1980 the Court held that while there are strong First Amendment guarantees, which are implicated by a court's decision to restrict the public's interest in court proceedings, a grant of anonymity by the court is not so restrictive as a court's closure of the trial.  See *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980).

25.  The Fifth Circuit has concluded that there is no set formula for determining whether a party may sue anonymously. Rather, this decision requires the court to balance a party's right to privacy against "the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall*, 653 F.2d at 186.  Although there is a presumption that a plaintiff must use his proper name, there are certain exceptions to this rule.  See *Southern Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F2d. 707, 713 (5th Cir. 1979).

26.  Generally, when the issues involved are those of a highly

personal or sensitive nature, the scale tips in favor of an individual's privacy rather than the public's interest in open judicial proceedings. See generally *Roe v. Wade*, 410 U.S. 113 (1973)(abortion); *Doe v. Bolton*, 410 U.S. 179 (1973)(abortion); Weaver v. Doe, 404 U.S. 987 (1971) (illegitimate or abandoned children in welfare cases); *Poe v. Ullman*, 367 U.S. 497 (1961)(birth control); *Doe v. Colautti*, 592 F.2d 704 (3rd Cir. 1979)(mental illness); *Doe v. McConn*, 489 F.Supp. 76 (S.D.Tex. 1980) (transsexuality); *Doe v. Lally*, 467 F.Supp. 1339 (D.Md. 1979)(personal safety); *Glover v. Johnson*, 85 F.R.D. 1 (E.D.Mich.1977)(prison inmates' fear of retaliation for participating in lawsuit); *Doe v. Chafee*, 355 F.Supp. 112 (N.D.Cal. 1973)(homosexuality).

27. Though there is no set standard, the Fifth Circuit has noted that cases in which anonymity was allowed all share common factors: first, plaintiffs were suing to challenge some activity by the government; second, the plaintiffs were compelled to disclose details "of the utmost intimacy"; or third, the plaintiffs were in risk of criminal prosecution if compelled to admit an intention to participate in illegal conduct. See *Southern Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

28. Additional factors have been used in other jurisdictions: whether the plaintiff, if identified, would risk suffering injury

and whether the defendant would be prejudiced by the plaintiff's use of a fictitious name. *See Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). While this analysis is not a definitive test, it does establish common factors by which the courts can view individual cases. See *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). These factors are meant to be weighted heavily when balancing public interest in judicial proceedings against the necessity of personal privacy. See *Id.* at 186.

29. Attempts to proceed under a fictitious name are generally rejected by the courts when the plaintiff's primary concern is economic well being, possible embarrassment or humiliation. See *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 142 (S.D. Indiana 1996); *Doe v. Bell Atlantic Bus. Sys. Servs.*, 162 F.R.D. 418, 420 (D.Mass. 1995; *Free Mkt. Compensation v. Commodity Exch., Inc.*, 98 F.R.D. 311, 313 (D.C.N.Y.,1983); *Doe v. Rostker*, 89 F.R.D. 158, 162 (D.C.Cal. 1981); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont. 1974).

30. To date only two Fifth Circuit cases have discussed this issue in any meaningful way. In 1979, the court addressed the issue of when it is acceptable for a plaintiff to file suit using a fictitious name. In this case, a women's organization sued two law firms for sex discrimination in hiring practices. See generally *Southern Methodist Univ. Ass'n. v. Wynne & Jaffe*, 599

DEFENDANT EDWARD VALENT'S MEMORANDUM IN SUPPORT OF
*DEFENDANT EDWARD VALENT'S MOTION TO DISMISS
REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS*                    12

F2d. 707 (5th Cir. 1979).

31. The suit was filed on behalf of the organization, anonymously on behalf of its female members, and on behalf of all women similarly situated. See *Id.* at 709. The organization asserted that to disclose the names of the women who had been discriminated against would cause embarrassment, annoyance and economic loss. See *Id.* Further, that filing suit using their real names would leave them open to retaliation from both current and prospective employers. See *Id.* at 713.

32. The court held that it would be inappropriate to allow the plaintiffs to proceed anonymously because they could find no congressional grant of the right to do so, nor any compelling reason for the court to protect their privacy. See *Id.* at 713. In their decision the court noted:

> Plaintiffs have not cited, nor have we found, any prior decisions which recognize or even discuss the right of Title VII plaintiffs to proceed anonymously. Neither the Federal Rules of Civil procedure nor Title VII itself make provision for anonymous plaintiffs. The rules require that . . . the title of the action shall include the names of all the parties . . . and the language of Title VII establishes no exception to the general principle that 'the identity of the parties to a lawsuit should not be concealed.

*Id.* at 712.

33. Of particular importance to the court's decision was the fact that the defendant law firms were publicly accused of "serious

violations of federal law" and "in the interest of fairness, their accusers must be required to file suit under their real names." *Id.* at 713. The court further held that the plaintiff's fears of retaliation were unfounded. See *Id.* at 713. Particularly, that the plaintiffs "face no greater threat of retaliation than the typical plaintiff alleging Title VII violations, including the other women who, under their real names and not anonymously, have filed sex discrimination suits against large firms." *Id.* at 713.

34.  The second Fifth Circuit case to address this issue was *Doe v. Stegall*. Here, the plaintiffs brought an action challenging prayer and Bible exercises in public schools.  See *Stegall*, 653 F.2d 180, 182 (5th Cir. 1981). Fearing threats and harassment, the plaintiffs moved for a protective order, which would allow them to proceed anonymously.  See *Id.*

35.  The plaintiffs agreed to reveal their identity to the defendants and to the court, but asked the court to conceal their identity from the public.  See *Id.* The district court denied the Does' request for a protective order, and citing the decision in *Southern Methodist Univ. Ass'n* held that this was "not an unusual case where the identity of the parties could possibly do more than annoy the parties and subject them to possible criticism." *Id.* at 184.

36.  On appeal, the Fifth Circuit reversed this decision

finding that the district court had misapplied the three step legal analysis set forth in *Southern Methodist Univ. Ass'n.* See *Id.* at 185. The court noted that the plaintiffs in Stegall met the first requirement: the suit represented a challenge to government authority. *Id.* at 185. Of particular note in this case is the fact that the plaintiffs were children. This, when coupled with the threats of harassment and the highly personal nature of the plaintiff's revelations about their personal beliefs was sufficient to allow the Doe's to proceed anonymously. See *Id.* at 186.

37. In addition to the two Fifth Circuit cases, several district court cases also address the issue of anonymity in court proceedings. Two such cases, which are factually closer to the case at bar, are *Doe v. Hallock* and *Doe v. Bell Atlantic Bus. Sys. Servs.* In *Hallock*, an employee filed a Title VII action as Jane Doe against her former employers for sexual harassment and discrimination. 119 F.R.D. 640 (S.D.Miss. 1987). The plaintiff asserted that she would be subjected to retaliation and harassment if required to reveal her true name. See *Id.* at 643. She further cited several incidents such as telephone calls, which she had received since filing the action. See *Id.* The court noted that while they were sensitive to her fears, that only a limited number of people, namely the defendants, were affected by her suit and it was therefore unlikely that she could expect retaliation by the

community in general.  See Id.

38.  The Fifth Circuit used the balancing test set out in *Stegall* to determine if the plaintiff's interest in anonymity outweighed the defendant's right to know who was suing him.  See *Id.*  The District Court concluded that because the plaintiff's primary reason for requesting anonymity was to "avoid embarrassment and unwanted invasion of her personal privacy," that these were not compelling enough reasons to grant her plea, particularly in light of the seriousness of the charges leveled at the defendant.  See *Id.*

39.  Similarly, the plaintiff in *Doe v. Bell Atlantic Bus. Sys. Servs.* alleged sexual harassment and a subsequent physical attack at the hands of her employer. 162 F.R.D. 418, 419 (D.Mass. 1995).  The plaintiff filed this claim as a violation of Title VII because she was "compelled to work in a sexually hostile environment, they failed to remedy after notice, discrimination based on her sex by the supervisor, and terminated because of her sex."  *Id.*

40.  The District Court here used the balancing test set out in *Stegall*, holding that because it is only the "exceptional cases in which a plaintiff may proceed under a fictitious name," the plaintiff was not entitled to proceed anonymously. See *Id.* at 420. This case did not rise to the level of exceptional circumstances,

because as the court noted, generally plaintiffs who allege sexual harassment are not allowed to proceed anonymously.  See *Id.*

## IV    SUMMARY

41.  Regarding plaintiff's claims under Title VII and the corresponding state statute, plaintiff has not completed jurisdictional conditions precedent, and, thus, the court lacks subject matter jurisdiction.  Even if the court had such jurisdiction, under Title VII defendant Edward Valent is not an "employer," and can not, as a mater of law, be a defendant under the Act. Therefore, plaintiff's claims under Title VII should be dismissed

42.  Plaintiff's has shown not exceptional circumstances in support of her request to proceed anonymously herein.  That plaintiff alleges "sexual harassment" does not *per se* rise to the level of an exceptional circumstance. Plaintiffs in sexual harassment cases have not automatically been permitted to file their suits anonymously by the Fifth Circuit.

43.  The serious allegations by plaintiff against defendant, which severely impact the credibility and reputation of the defendant, militate toward requiring plaintiff to make her complaint in public. Therefore, the court should order plaintiff to proceed herein under her legal name.

44.  Plaintiff has failed to comply with the court's direction

at the show cause hearing whereby the court instructed plaintiff to file an appropriate motion regarding this issue.  Plaintiff also to date has not filed opposition to defendant's motion to dismiss.

V    CONCLUSION

43.  WHEREFORE, PREMISES CONSIDERED, Defendant Edward Valent prays the court grant defendant's motion to dismiss, and Order such relief as is requested in such motion.

DEFENDANT EDWARD VALENT'S MEMORANDUM IN SUPPORT OF
DEFENDANT EDWARD VALENT'S MOTION TO DISMISS
REGARDING SUBJECT MATTER JURISDICTION AND OTHER MATTERS          18

Respectfully Submitted,

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597
956.761.6644 Telephone
956.761.7424 Telecopier

Paul Hemphill
LAW OFFICES OF
PAUL HEMPHILL
815 Ridgewood
Brownsville, Texas 78520

Attorneys for
DEFENDANT EDWARD VALENT

---------------------------------------------------------------

Certificate of Service

    I served a copy of this pleading on counsel of record below,

Mr. J. Arnold Aguilar
LAW OFFICE
J. ARNOLD AGUILAR
Artemis Square - Suite H-2
1200 Central Boulevard
Brownsville, TX 78520
956.504.1100 telephone 956.504.1408 telecopier

By means of _____.    Date: 01/17/01

David Horton