//

United States District Court
Southern District of Texas
FILED

MAR 1 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA DOE | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B - 00 - 182 |
| EDWARD A. VALENT | § | |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT AND TO SUBSTITUTE PARTY

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW **SANDRA DOE**, Plaintiff herein, and files this her Unopposed Motion for Leave to File Plaintiff's First Amended Original Complaint and to Substitute Party, and for such would respectfully show unto the Court the following:

### I.

Plaintiff originally filed the present lawsuit in state court against Defendant Valent only, consistent with applicable state court requirements. Plaintiff would now request leave to amend her Complaint, a copy of which is attached hereto as Exhibit "A," in order to adequately meet the requirements of the Federal Rules of Civil Procedure, to join Brownsville Independent School District as a party Defendant necessary for a just adjudication, pursuant to Federal Rule of Civil Procedure 19, and to substitute the Estate of Edward A. Valent for Edward A. Valent because of his death, pursuant to Federal Rule of Civil Procedure 25(a).

V:\FP\MOTIONS\196-00.M4L

PAGE 1

Plaintiff would show that Brownsville Independent School District is a person subject to service of process in this district, whose joinder will not deprive the Court of jurisdiction over the subject matter of this action, and either (1) in the absence of BISD, complete relief cannot be accorded among those already parties, or (2) BISD claims an interest relating to the subject of the action and is so situated that disposition of this action in its absence may impair or impede its ability to protect that interest or otherwise leave Defendant Valent subject to a risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Plaintiff would further show that since the filing of this action, Defendant Edward A. Valent's attorney has filed a Suggestion of Death, on or about February 27, 2001. Pursuant to Federal Rule of Civil Procedure 25(a), Plaintiff would therefore request that the Court substitute Defendant Edward A. Valent's representative, executor or administrator as the proper party herein. Based on information and belief, the Executrix of the Estate of Edward A. Valent is Ofelia Cuevas, who may be served with process at her residence, 54 Santi Spiritus, Brownsville, Texas 78520.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **SANDRA DOE** would respectfully request that upon consideration of this Unopposed Motion for Leave to File Plaintiff's First Amended Original Complaint and to Substitute Party, that the Court grant said motion and authorize the Estate of Edward A. Valent to substitute for Edward A. Valent, and allow the Clerk to file Plaintiff's First Amended Original Complaint attached hereto as Exhibit "A," thereby joining Defendants Brownsville Independent School District and the Estate of Edward

V:\FP\MOTIONS\196-00.M4L

A. Valent as party Defendants, and that Plaintiff be granted such other and further relief to which she may show herself to be justly entitled, whether general or special, at law and in equity.

Signed on this the 15th day of March, 2001.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone  :  (956) 504-1100
Facsimile   :  (956) 504-1408

By: _____
              J. Arnold Aguilar
              State Bar No. 00936270
              Federal Adm. No. 6822

Attorney for Plaintiff,
SANDRA DOE

V:\FP\MOTIONS\196-00.M4L

## CERTIFICATE OF CONFERENCE

I, J. Arnold Aguilar, have conferred with counsel for Defendant Valent, Rosa Maria Villagomez and David Horton, who do not oppose the filing of the First Amended Original Complaint, including the joinder of Brownsville Independent School District as a party Defendant and substitution of the Estate of Edward A. Valent for Edward A. Valent.

J. Arnold Aguilar

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **UNOPPOSED PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT AND TO SUBSTITUTE PARTY** has on this the 15th day of March, 2001 been forwarded via certified mail, return receipt requested to:

Mr. David Horton
NEEL & HORTON, L.L.P.
P.O. Box 2159
South Padre Island, TX 78597

Mr. Paul Hemphill
Attorney at Law
815 Ridgewood
Brownsville, TX 78520

Ms. RosaMaria Villagomez
Mr. Ray A. Cowley
RODRIGUEZ, COLVIN & CHANEY
P. O. Box 2155
Brownsville, TX 78522

and on or after March 15, 2001 by personally delivering a copy to, or leaving a copy with some person of suitable age and discretion residing at the residence of:

Ms. Ofelia Cuevas
54 Santi Spiritus
Brownsville, TX 78520

J. Arnold Aguilar

V:\FP\MOTIONS\196-00.M4L

PAGE 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA DOE | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B - 00 - 182 |
| EDWARD A. VALENT | § | |

## ORDER SETTING HEARING

On this _____ day of _____, 2001, came on to be considered **Plaintiff's Unopposed Motion for Leave to File Plaintiff's First Amended Original Complaint and to Substitute Party** in the above styled and numbered cause.

IT IS THEREFORE ORDERED that said Plaintiff's Motion for Leave be and is hereby set for hearing on the _____ day of _____, 2001, at _____ o'clock _____.m.

SIGNED FOR ENTRY this _____ day of _____, 2001.

_____
U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SANDRA DOE                    §
                              §        CIVIL ACTION NO.
       VS.                    §
                              §        B - 00 - 182
EDWARD A. VALENT              §

## ORDER

Be it remembered that came on to be considered the **Plaintiff's Unopposed Motion for Leave to File Plaintiff's First Amended Original Complaint and to Substitute Party** and the Court being of the opinion that said Motion should be and hereby is GRANTED;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Unopposed Motion for Leave to File Plaintiff's First Amended Original Complaint and to Substitute Party is hereby GRANTED, the Estate of Edward A. Valent is hereby substituted as the proper party in place of Edward A. Valent and the Clerk is hereby directed to file Plaintiff's First Amended Original Complaint.

Signed this the _____ day of _____, 2001.

_____
U.S. DISTRICT JUDGE

# EXHIBIT "A"

CVisPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA DOE | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B - 00 - 182 |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT and the | § | |
| Estate of EDWARD A. VALENT | § | |

---

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

---

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW **SANDRA DOE**, Plaintiff in the above styled and numbered action, complaining of Brownsville Independent School District (hereinafter BISD) and the Estate of Edward A. Valent, Defendants herein, and for cause of action would respectfully show unto the Court the following:

### I.

### NATURE OF ACTION

1.     This is an action for compensatory and exemplary damages, filed pursuant to the Civil Rights Act of 1964, 42 U.S.C. §1983, Title IX of the Education Amendments Act of 1972, 20 U.S.C. §1681, *et seq.*, and applicable state law, wherein Plaintiff contends that the Defendants discriminated against her based on her sex, falsely arrested, detained and imprisoned her, invaded her rights to privacy and to bodily integrity, sexually assaulted her, and

intentionally inflicted emotional distress on her, in violation of her rights under the Fourth, Fifth, Ninth and Fourteenth Amendments to the U.S. Constitution, and in violation of applicable state and federal law.

## II.

## PARTIES, JURISDICTION and VENUE

2.      Plaintiffs SANDRA DOE is an individual resident of Brownsville, Cameron County, Texas.  At all relevant times, Plaintiff was an employee of the Brownsville Independent School District, working under the direct supervision of Defendant Edward A. Valent under the customs, policies and procedures established by Defendant Brownsville Independent School District.

3.      Defendant EDWARD A. VALENT was an individual resident of Brownsville, Cameron County, Texas, at all relevant times herein, and he has already answered and appeared herein.

4.      Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT is an independent school district organized under the laws of the State of Texas.  Service may be had upon this Defendant by serving its Interim Superintendent, Hector Gonzalez, at his office address, 1900 W. Price Road, Brownsville, Texas 78520.

5.      Based on information and belief, Defendant Estate of Edward A. Valent is represented by its Executrix, Ofelia Cuevas, who may be served with process at her residence, 54 Santi Spiritus, Brownsville, Texas, 78520.

6.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§1331, 1343 &

1443.  Venue lies in this Court pursuant to 28 U.S.C. §1391 because both Defendants reside

within this district and all, or a substantial part, of the events or omissions giving rise to this

action occurred within this District.

**III.**

**FACTUAL BACKGROUND**

7.     On or about August 1988, Sandra Doe was first employed by Defendant

Brownsville Independent School District as a Spanish teacher at their Pace High School campus.

Brownsville Independent School District maintains a site-based management system, and it had

previously assigned Edward A. Valent as its Principal at, and ultimate authority for, the Pace

High School campus.  Ms. Doe initially worked under the supervision of Valent for three (3)

years.  In October of her second year at Pace, Ms. Doe was involved in an auto accident, which

resulted in her suffering from seizures, and ultimately resulted in brain surgery in San Antonio,

Texas.  As a result of this auto accident, Ms. Doe was left with a diminished mental capacity,

and an inability to fully understand or appraise the nature of improper conduct.  After taking a

year off following the birth of her son, she returned to work for BISD, and she was transferred

to Rivera High School for a year.  The following year, she was transferred to Lincoln Park

Middle School, where she taught for another year.  She was then transferred to Central Middle

School as an Attendance Monitor, where she was again under the supervision of Principal

Edward A. Valent, who had previously been transferred to Central Middle School.   The

following year, Ms. Doe was transferred to Perkins Middle School, where she taught for three

(3) years  as  a  Spanish  teacher  and  a teacher's aide.  She was then transferred back to

Rivera High School, as a permanent substitute teacher, where she stayed for another year. At the beginning of the 1999-2000 school year, Ms. Doe was transferred to the Alternative Center, where she was again under the supervision of Valent.

8.     When Ms. Doe was first assigned to the Alternative Center, Mr. Valent told her he did not have anything for her at his campus and that he was going to call the office to straighten out the matter. She was ultimately assigned to the position of Assistant Physical Education coach. This confirmed BISD's abdication of employment decisions and other matters at the Alternative Center Campus to Mr. Valent. Shortly after the beginning of the school year, Mr. Valent started making suggestive sexual remarks to Ms. Doe, to which she would consistently object. He would belittle her and tell her she did not do anything. He would change her daily assignment from being a P.E. coach on one day and a substitute teacher on another day. The actions of Mr. Valent were apparently designed to emphasize his control over the determination of Ms. Doe's continued employment, and served to degrade her self-esteem. Consistent with this policy, Mr. Valent would find numerous reasons, some justified, others not, to discipline or chastise Ms. Doe. Eventually, after he would chastise Ms. Doe for any minor violation, in escorting her out of his office Valent would grab her buttocks. Valent thereby began a program of discrimination and assault through the use of tactics of intimidation, emphasizing that he was in charge of discipline and continued employment at the Alternative Center. His actions eventually led to, and included, the physical sexual and emotional assault of Ms. Doe, including through oral and vaginal penetration against her will. During this time, Mr. Valent made it clear to Plaintiff that she had neither any basis on which, nor any other person to whom, she could complain.

9.    The actions taken by Valent were in the course and scope of his employment with Defendant BISD through his alleged evaluation of her work.  Mr. Valent maintained control of Plaintiff's daily assignment, which would change frequently.  Because of her changing work assignment, it was only Mr. Valent that could evaluate her, and his evaluation included demands for sexual favors, compliance with his sexual demands, and subjecting her to nude photography. As a result of the actions of Valent, including the added stress and humiliation, Plaintiff suffered extreme mental anguish and humiliation, and was ultimately admitted to the hospital on March 12, 2000, suffering from epileptic seizures.

10.    Although Plaintiff complained numerous times to Mr. Valent, and a security guard was aware of at least one instance of assault by Valent, no action was ever taken by Valent or BISD to curtail or prevent the actions of Valent.  The actions of Valent were permitted through the custom, policy or procedure of Defendant BISD.  Based on information and belief, Defendant BISD was aware of Valent's use of his office to extract sexual favors, and his sexual involvement with other employees, yet failed to take any action to curtail or restrict his ability or opportunity to do so.

11.    Plaintiff Doe eventually summoned enough courage to file a complaint against her supervisor, the director of the Alternative Center campus, Defendant Edward A. Valent, directly with BISD.  Although a complaint was filed with Defendant BISD, and Defendant BISD conducted some investigation into the merits of Plaintiff's allegations, Defendant BISD took no action whatsoever to discipline Valent, allowing him instead to submit a letter of resignation or retirement.  As a result, Defendant BISD never submitted any conclusion on the merits of Plaintiff's allegations, and it took no further action whatsoever that would indicate that the

actions of Valent were other than the accepted custom, policy and procedure of Defendant BISD.

Although Plaintiff also filed a criminal complaint against Valent with Defendant BISD's Internal

Police Department, and that Department also conducted some form of investigation, no criminal

prosecution was ever commenced against Valent.

**IV.**

## CAUSES OF ACTION

12.   Paragraphs 1-11 are incorporated by reference as though fully set out herein.  At

all times material hereto, Edward A. Valent was a policymaking officer of Defendant

Brownsville Independent School District, in that Valent set and established employment policy

decisions at the Alternative Center campus of Defendant BISD.   In particular, all hiring,

evaluation and firing decisions and policies at the Alternative Center campus were left to the

discretion of Valent, and he was the highest supervisory authority at the Alternative Center

campus.  At all times material hereto, Valent was acting under color of state law or authority,

and the actions of Valent and Defendant BISD reflected their deliberate indifference to Plaintiff's

known constitutional rights.  At all times material hereto, Valent was acting under color of law

and authority as the person with ultimate authority for employment-related decisions and actions

at the Alternative Center campus of BISD.

13.   Based on the actions described herein, Defendant Estate of Edward A. Valent,

individually, is liable to Plaintiff Sandra Doe for false arrest, detention and imprisonment,

assault, battery, negligence and intentional infliction of emotional distress, in accordance with

applicable state law.  In addition, because the actions of Valent described herein constituted a

violation of Plaintiff Doe's clearly established constitutional rights of which a reasonable person

would have known, pursuant to Defendant BISD's custom, policy and/or procedure, in violation of her rights to be free from unreasonable search and seizure, not to be deprived of liberty without due process of law, to privacy, and to the equal protection of the laws, in violation of the Fourth, Fifth, Ninth and Fourteenth Amendments to the U.S. Constitution, Defendants Estate of Edward A. Valent and BISD are further liable to Plaintiff herein. Defendant BISD is liable for the actions taken by Valent described herein, which were part of a custom, policy or procedure established, adopted or otherwise accepted by Defendant Brownsville Independent School District, directly or indirectly.

14.    Plaintiff would show that Defendant BISD further violated her constitutional rights to due process and to the equal protection of the laws described herein through Defendant BISD's custom, policy or procedure of refusing to make findings of fact regarding Plaintiff's allegations after she submitted her complaint to BISD's administration, refusing to take any disciplinary action against Valent for his unconstitutional, offensive, improper and criminal conduct described herein, and refusing to prosecute Valent based on the facts provided by Plaintiff. Plaintiff would show that if Defendant BISD's custom, policy or procedure was other than to allow for the violations described herein, it would have investigated immediately, concluded its investigation on her complaint after a reasonable time, and made appropriate findings of fact. Although Plaintiff requested the results of Defendant BISD's investigation on her complaint after a reasonable time had passed, Defendant BISD failed, and continues to fail, to provide Plaintiff with any results from its alleged investigation.

15.     Plaintiff would further show that Defendant BISD is an educational institution governed by Title IX, of the Education Amendments Act of 1972, 20 U.S.C. §1681, *et seq.*, and that the actions of Defendant BISD described above constituted discrimination on the basis of sex, for which Defendant BISD is liable to Plaintiff.

16.     In taking the actions described above, Valent and BISD acted without authority of law, willfully, knowingly and purposely, and with deliberate indifference to Plaintiff's known constitutional and statutory rights, and in knowing violation of those rights described above, for which Defendants are liable to Plaintiff for exemplary or punitive damages.

## V.

## DAMAGES

17.     Paragraphs 1-16 are incorporated by reference as though fully set out herein.  As a result of the foregoing acts and/or omissions described above committed against Plaintiff by Defendants, Plaintiff has suffered, and will continue to suffer, the following damages and injuries:

(a)     past and future physical pain and suffering;

(b)     past and future emotional and mental anguish, pain, suffering, injury to her good name, character and to her general and professional reputation, embarrassment and humiliation, and loss of enjoyment of life;

(c)     deprivation of her rights and privileges guaranteed to citizens of the United States and the State of Texas by the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution;

(d)     reasonable and necessary medical, hospital, psychological and psychiatric expenses in the past and in the future; and,

(e)     past and future lost wages, back pay, and lost and impaired earning capacity.

18.     Plaintiff is now suffering, and will continue to suffer irreparable injury from the Defendants' actions, policies, practice, customs, procedures and usages.  Other than through this lawsuit, Plaintiff has no real, adequate and complete remedy at law to redress the wrongs alleged, and this action is the only means of securing adequate relief.

## VI.

## CONDITIONS PRECEDENT

19.     All conditions precedent to the filing of this action and the recovery of the damages prayed for herein, have occurred and have been performed.

## VII.

## JURY DEMAND

20.     Plaintiff SANDRA DOE requests that a jury of her peers be convened to determine the factual issues in this case, and has tendered to this Federal District Court the statutory jury application fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **SANDRA DOE** prays that Defendants Brownsville Independent School District and the Estate of Edward A. Valent be cited according to law to appear and answer herein, and that upon final trial, that Plaintiff Doe have and recover from Defendants BISD and the Estate of Edward A. Valent, jointly and severally, the damages described above, in the full amount allowed by law, together with the following:

(a)    judgment for actual and compensatory damages against Defendants in an amount to be determined entirely by the trier of act;

(b)    pre-judgment interest at the maximum legal rate;

(c)    exemplary or punitive damages against Defendant Estate of Edward A. Valent, independently, and against Defendant Brownsville Independent School District, independently;

(d)    post-judgment interest on said judgment at the maximum legal rate, until paid in full;

(e)    reasonable and necessary attorneys' fees, pursuant to 42 U.S.C. §1988;

(f)    costs of court; and,

(g)    such other and further relief to which Plaintiff SANDRA DOE may be justly entitled, whether general or special, at law and in equity.

Signed on this the 14th day of March, 2001.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone       :  (956) 504-1100
Facsimile        :  (956) 504-1408


By: _____
            J. Arnold Aguilar
            State Bar No. 00936270
            Federal Adm. No. 6822


**ZAYAS & ZAMORA**
3100 East 14th Street
Brownsville, TX 78520
Telephone       :  (956) 546-5060
Facsimile        :  (956) 541-4157


By: _____
            Richard E. Zayas
            State Bar No. 00788744
            Federal Adm. No. 16852

            Attorneys for Plaintiff,
            SANDRA DOE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT** has on this the 15th day of March, 2001 been forwarded via certified mail, return receipt requested to:

Mr. David Horton
NEEL & HORTON, L.L.P.
P.O. Box 2159
South Padre Island, TX 78597

Mr. Paul Hemphill
Attorney at Law
815 Ridgewood
Brownsville, TX 78520

Ms. RosaMaria Villagomez
Mr. Ray A. Cowley
RODRIGUEZ, COLVIN & CHANEY
P. O. Box 2155
Brownsville, TX  78522

J. Arnold Aguilar