21

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

APR 1 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SANDRA DOE | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B – 00 – 182 |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT and the Estate | § | |
| of EDWARD A. VALENT | § | |

## DEFENDANT BROWNSVILLE INDEPENDENT
## SCHOOL DISTRICT'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Brownsville Independent School District (Defendant), Defendant in the above-styled and numbered action, who files this its Original Answer to Plaintiff's First Amended Original Complaint, and for such answer would respectfully show unto the Court the following:

I.

### FAILURE TO IDENTIFY PLAINTIFF

1.     With respect to all causes of action and claims asserted by Plaintiff, Defendant is unable to either admit or deny said causes of action or claims because Plaintiff has failed and refused to disclose Plaintiff's identity.

CNIPDF - www.fxxio.com

## II.

## IMMUNITIES

1.      Defendant possesses immunities, both statutory and at common law, which defeat the claims of Plaintiff.

## III.

## JURISDICTION

1.      Plaintiff's claims for occupational injury are pre-empted by the Texas Worker's Compensation Act, with the result that any such claims must be made before the Texas Worker's Compensation Commission, and accordingly, this Court lacks subject matter jurisdiction over such claims.

## IV.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims and/or causes of action are barred in whole or in part based upon the applicable statutes of limitations.

2.      Plaintiff's claims are barred in whole or in part based upon the applicable doctrine of laches.

3.      Plaintiff has failed to mitigate her damages.

4.      Plaintiff unreasonably failed to avail herself of Brownsville Independent School District's complaint and assistance procedures.

CIMPDF - www.fastio.com

## V.

### NATURE OF ACTION

1.      With respect to paragraph No. 1 of Plaintiff's First Amended Original Complaint, Defendant admits that Plaintiff has filed an action that purports to bring a claim pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1983, Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et. seq.*, and applicable state law, but denies all other claims and allegations contained therein.   However, the action purported to be brought under the vague and general pleading "and applicable state law" fails to state a claim upon which relief can be granted.

## VI.

### PARTIES, JURISDICTION AND VENUE

2.      With respect to paragraph No. 2 of Plaintiff's First Amended Original Complaint, since Defendant does not identify herself, Defendant has insufficient information to either admit or deny those matters stated.

3.      With respect to paragraph No. 3 of Plaintiff's First Amended Original Complaint, Defendant admits the allegations contained therein with the limitation, based upon information and belief, that Defendant Edward A. Valent is deceased, having died on or about January 20, 2001.

4.      With respect to paragraph No. 4 of Plaintiff's First Amended Original Complaint, Defendant admits the allegations contained therein.

5.      With respect to paragraph No. 5 of Plaintiff's First Amended Original Complaint, Defendant has insufficient information to either admit or deny those matters stated.

CVAPDF - www.fasoa.com

6.    With respect to paragraph No. 6 of Plaintiff's First Amended Original Complaint, Defendant admits that this Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 & 1443, however, Defendant denies that this Court has jurisdiction regarding Plaintiff's claims for occupational injury in that such claims are pre-empted by the Texas Worker's Compensation Act, with the result that any such claims must be made before the Texas Worker's Compensation Commission, and accordingly, this Court lacks subject matter jurisdiction over such claims.  Defendant admits that venue lies in the Court pursuant to 28 U.S.C. § 1391, however, not because both Defendants reside within this District in that based upon information and belief Defendant Edward A. Valent is deceased, but rather because Defendant Brownsville Independent School District resides within this District, however, Defendant denies this Court has venue regarding Plaintiff's claims for occupational injury in that such claims are pre-empted by the Texas Worker's Compensation Act with the requirement that any such claims must be made before the Texas Worker's Compensation Commission, and accordingly, this Court lacks venue over such claims.  With respect to the remainder of paragraph No. 6, which reads, "and all, or a substantial part, of the events or omissions giving rise to this action occurred within this District", since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated.

## VII.

### FACTUAL BACKGROUND

7.    With respect to paragraph No. 7 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated with the specific exceptions that Defendant admits "Brownsville

4

Independent School District maintains a site-based management system", and that it assigned Edward A. Valent as Principal at Pace High School during August 1988.

8.      With respect to paragraph No. 8 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated with the specific exceptions that Defendant denies "BISD's abdication of employment decisions and other matters at the Alternative Center Campus to Mr. Valent", and, "he was in charge of discipline and continued employment at the Alternative Center", and, "that she had neither any basis on which, nor any other person to whom, she could complain."

9.      With respect to paragraph No. 9 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated with the specific exceptions that Defendant denies that any of the alleged actions attributed to Defendant Edward A. Valent by Plaintiff in paragraphs No. 7, 8 and 9 of Plaintiff's First Amended Original Complaint, which were not specifically admitted above, were within "the course and scope of his [Valent] employment with Defendant".

10.     With respect to paragraph No. 10 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated with the specific exceptions that Defendant denies any of the alleged actions attributed to Defendant Edward A. Valent by Plaintiff in paragraphs No. 7, 8, 9 and 10 of Plaintiff's First Amended Original Complaint, which were not specifically admitted above, were "permitted through the custom, policy or procedure of Defendant BISD". Further, Defendant specifically denies that it "was aware of Valent's use of his office to extract sexual favors, and his sexual involvement with other employees."

5

11.     With respect to paragraph No. 11 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated.

## VIII.

## CAUSES OF ACTION

12.     With respect to paragraph No. 12 of Plaintiff's First Amended Original Complaint, Defendant re-alleges its answers to prior paragraphs.   Since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated with the specific exceptions that Defendant denies "Edward A. Valent was a policymaking officer of Defendant Brownsville Independent School District", that "Valent set and established employment policy decisions at the Alternative Center campus of Defendant BISD", that "all hiring, evaluation and firing decisions and policies at the Alternative Center campus were left to the discretion of Valent", that "Valent was acting under color of state law or authority", that "the actions of … Defendant BISD reflected [its] deliberate indifference to Plaintiff's known constitutional rights", and that "at all times material hereto, Valent was acting under color of law and authority as the person with ultimate authority for employment-related decisions and actions at the Alternative Center campus of BISD".

13.     With respect to paragraph No. 13 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated with the specific exception that Defendant denies that "Defendant BISD is liable for the actions taken by Valent described herein, which were part of a

6

custom, policy or procedure established, adopted or otherwise accepted by Defendant Brownsville Independent School District, directly or indirectly."

14.     With respect to paragraph No. 14 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated.

15.     With respect to paragraph No. 15 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated with the specific exception that Defendant admits that "Defendant BISD is an educational institution governed by Title IX, of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.*"

16.     With respect to paragraph No. 16 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated except that Defendant Brownsville Independent School District denies that it can be held liable for exemplary or punitive damages.

IX.

DAMAGES

17.     With respect to paragraph No. 17 of Plaintiff's First Amended Original Complaint, Defendant re-alleges its answers to prior paragraphs.  Defendant denies that Plaintiff is entitled to the relief requested in paragraph No. 17 of Plaintiff's First Amended Original Complaint, including, but not limited to subparts A, B, C, D and E.

18.     With respect to paragraph No. 18 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to

7

CVISPDF - www.fosina.com

either admit or deny those matters stated with the specific exception that Defendant denies that Plaintiff is entitled to the relief requested in paragraph No. 18 of Plaintiff's First Amended Original Complaint.

## X.

## CONDITIONS PRECEDENT

19.    With respect to paragraph No. 19 of Plaintiff's First Amended Original Complaint, since Plaintiff does not identify herself, Defendant has insufficient information to either admit or deny those matters stated.

## XI.

## JURY DEMAND

20.    With respect to paragraph No. 20 of Plaintiff's First Amended Original Complaint, Defendant admits that Plaintiff has requested a jury, but has insufficient information or knowledge to admit or deny that Plaintiff has tendered a jury fee.

## XII.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested and Defendant requests such other and further relief to which Defendant may be entitled.

Respectfully submitted,

By: *D. Roderick MacRae II*

      D. Roderick MacRae II
      Attorney-In-Charge
      State Bar No. 00788955
      Federal Adm. No. 21824

      Roger D. Hepworth
      State Bar No. 09498980
      Federal Adm. No. 12816

HENSLEE, FOWLER, HEPWORTH
& SCHWARTZ, L.L.P.

800 Frost Bank Plaza
816 Congress Avenue
Austin, TX 78701-2443
Telephone:    512/708-1804
Facsimile:    512/708-9037

**ATTORNEYS FOR DEFENDANT
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing **DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER** was serviced upon the following counsel of record, by Certified Mail, Return Receipt Requested, in accordance with the Texas Rules of Civil procedure, on this the 11th day of April, 2001.

J. Arnold Aguilar                          CM,RRR P 902 766 931
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, TX 78520

ATTORNEY FOR PLAINTIFF
SANDRA DOE

Richard E. Zayas                          CM,RRR P 902 766 932
Zayas & Zamora
3100 East 14th Street
Brownsville, TX 78520

ATTORNEY FOR PLAINTIFF
SANDRA DOE

David Horton                          CM,RRR P 902 766 933
Neel & Horton, L.L.P.
P.O. Box 2159
South Padre Island, TX 78597

ATTORNEY FOR DEFENDANT
EDWARD A. VALENT

Paul Hemphill                          CM,RRR P 902 766 934
Attorney-at-Law
815 Ridgewood
Brownsville, TX 78520

ATTORNEY FOR DEFENDANT
EDWARD A. VALENT

RosaMaria Villagomez                                CM,RRR P 902 766 935
Ray A. Cowley
Rodriguez Colvin & Chaney
P.O. Box 2155
Brownsville, TX 78522

ATTORNEYS FOR DEFENDANT
EDWARD A. VALENT

D. Roderick MacRae II

01900-12-Original Answer 040901.doc

11