24

046

United States District Court
Southern District of Texas
FILED

APR 2 3 2001

Michael N. Milby
Clerk of Court

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

| | | |
|---|---|---|
| SANDRA DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | Case No. B-00-182 |
| SCHOOL DISTRICT, | § | |
| and the Estate of | § | |
| EDWARD A. VALENT, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

---

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTERCLAIMS

---

### I. INTRODUCTION

1.  COMES NOW OFELIA CUEVAS, EXECUTRIX OF THE ESTATE OF EDWARD VALENT, Defendant in the above case, and reserving the right to file other and further pleadings, exceptions, and denials, files this second amended answer and would respectfully show the court the matters stated below. References herein the "paragraph" refer to the numbered paragraphs in the *Plaintiff's First Amended Original Complaint.*

### II   DEFENDANT EDWARD VALENT IS DECEASED

2.  Defendant Edward Valent died on or about January 20,

2001, and Ofelia Cuevas, Executrix of the Estate of Edward Cuevas (hereafter, "Defendant Valent" or by name), has been substituted as the party in interest herein. Because of his death and unavailability defendant Valent asserts and claims all of the privileges and immunities afforded by law, both state and federal, including but not limited to the so called "Deadman's Statute(s)," rules of evidence, and rules of procedure, regarding claims against decedents. Accordingly, among other things, defendant Valent objects to, and moves the court to strike from the record herein, any and all things which any party or other person alleges defendant Valent said during his life.

### III    PLAINTIFF'S FAILURE TO DISCLOSE IDENTITY

3.    Regarding all claims and causes of action asserted by plaintiff "Sandra Doe," and all remedies she seeks, defendant Valent is unable either to admit or deny same because plaintiff fails and refuses to identify herself.

### IV    IMMUNITIES

4.    Defendant Valent possesses immunities, both statutory and at common law, which defeat plaintiff's claims, causes of action, and remedies sought.

### V    JURISDICTION

5.    This court lacks subject matter jurisdiction over any claims by plaintiff against defendant based on "... the Civil Rights Act of 1964 ... and applicable state law" to the extent "

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                                    2

... plaintiff contends Defendants discriminated against her based on her sex ....” (amended petition, p. 1, paragraph 1).   In the alternative, Plaintiff has failed to state a claim for which relief can be granted.

6.   Plaintiff's claims for occupational injury are preempted by the Texas Workers Compensation Act, must be made before the Texas Workers Compensation Commission, and accordingly, this court lacks subject matter jurisdiction over same.

## VI   AFFIRMATIVE DEFENSES

7.   Plaintiff's claims, causes of action, or both, are barred in whole or in part based on the applicable statute of limitations.

8.   Plaintiff's claims are barred in whole or in part based on the applicable Doctrine of Laches.

9.   Plaintiff has failed to mitigate her damages.

10.   Plaintiff unreasonably failed to use the complaint and assistance procedures established by the BISD by which employees, among other things, can report alleged unlawful harassment.

11.   Plaintiff's claims sounding in tort asserted against Defendant based on actions taken by Defendant in Defendant's official capacity are subject to the Texas Tort Claims Act, and Plaintiff failed to complete conditions precedent for asserting claims thereunder.

## VI   PLAINTIFF'S ALLEGATIONS

12.   Regarding paragraph No. 1 of plaintiff's amended

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                           3

complaint, defendant admits plaintiff has filed an action that purports to bring claims pursuant to "the Civil Rights Act of 1964, 42 U.S.C. §1983, Title IX of the Education Amendments Act of 1972, 20 U.S.C. §1681, et seq., and applicable state law" (amended complaint, page 1, paragraph No. 1), but denies all other claims and allegations stated therein.  As stated above, this court lacks subject matter jurisdiction over claims under the Civil Rights Act of 1964 (As Amended), and even if the court had subject matter jurisdiction over such claims, to the extent plaintiff asserts such claims against defendant Valent, plaintiff fails to state a claim upon which relief can be granted.  Further, as to any claim or cause of action plaintiff asserts, or remedy plaintiff seeks, based on the vague and general allegation of "applicable state law," plaintiff fails to state a claim upon which relief can be granted.

13.  Regarding Plaintiff's allegations in Paragraph 2, concerning Plaintiff's residence, since Plaintiff does not identify herself, Defendant has insufficient information either to admit or deny such matters.

14.  Regarding Plaintiff's allegation in Paragraph 3 concerning Defendant's residence, and Defendant's appearance herein, defendant admits that prior to his death, he resided in Brownsville, Cameron County, Texas, and appeared herein.

15.  Regarding Plaintiff's allegations in Paragraph 4, concerning the Brownsville Independent School District, Defendant

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                          4

admits the allegations concerning BISD's legal status, but defendant has insufficient information either to admit or deny the other allegations in said paragraph.

16. Regarding Plaintiff's allegations in Paragraph 5, concerning the substitution herein of Ofelia Cuevas, Executrix of the Estate of Edward Valent, defendant admits same.

17. Regarding Plaintiff's allegations in Paragraph 6, concerning this court's jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343, and 1443, except for claims over which this court lacks subject matter jurisdiction, as stated in paragraphs No. 5 and No. 6, above, defendant admits this court has jurisdiction over this case as plaintiff alleges. Regarding venue, defendant admits venue is proper in this court pursuant to 28 U.S.C. Section 1391, not because of the defendants reside with this district, because defendant Valent is now deceased and resides no where, but rather because defendant BISD resides with this district. Defendant denies venue is proper in this court over any claims for occupational injury, or claims under the Civil Rights Act of 1964, because, as stated in paragraphs No. 5 and No. 6, above, this court lacks subject matter jurisdiction over such claims. Regarding plaintiff's other allegations in paragraph No. 6 that "... all, or a substantial part, of the events or omissions giving rise to this action occurred with this District," since plaintiff does not identify herself, defendant has insufficient information either to

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                                    5

admit or  to deny such allegations.

## VII    FACTUAL BACKGROUND

18.  Regarding Plaintiff's allegations in paragraph No. 7, concerning "factual background," since plaintiff does not identify herself, defendant has insufficient information either to admit or deny allegations relating to plaintiff.  Based on best information and belief defendant admits defendant "Brownsville Independent School District maintains a site-based management system," and that BISD assigned defendant Valent as Principal at Pace High School during August 1988.

19.  Regarding Plaintiff's allegations in paragraph No. 8, concerning statements and conduct of defendant Valent, defendant objects to all allegations by plaintiff concerning anything defendant said during his life, and denies all allegations in said paragraph.

20.  Regarding Plaintiff's allegations in paragraph No. 9, concerning  statements and conduct of defendant Valent, defendant objects to all allegations by plaintiff concerning anything defendant said during his life, and denies all allegations in said paragraph.  Regarding plaintiff's allegation that she was admitted to the hospital on March 12, 2000, defendant his insufficient information either to admit or deny such.

21.  Regarding Plaintiff's allegations in paragraph No. 10, concerning  statements and conduct of defendant Valent, defendant

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                               6

objects to all allegations by plaintiff concerning anything defendant said during his life, and denies all allegations in said paragraph. Regarding plaintiff's allegations regarding matters of which BISD was aware, defendant has insufficient information either to admit or to deny such allegations

22. Regarding Plaintiff's allegations in paragraph No. 11, concerning the conduct of plaintiff and defendant BISD, since plaintiff does not identify herself, defendant has insufficient information either to admit or deny such allegations. However, to the extent that plaintiff's allegations allege criminal conduct, defendant denies such allegations.

### VIII    CAUSES OF ACTION

23. Regarding Plaintiff's allegations in paragraph No. 12, wherein plaintiff realleges paragraph Nos. 1 - 11, defendant Valent hereby adopts and restates his previous answers thereto. Regarding plaintiff's allegations regarding her conduct, since plaintiff does not identify herself, defendant has insufficient information either to admit or deny such allegations. Defendant denies all other allegations in said paragraph.

24. Regarding Plaintiff's allegations in paragraph No. 13, concerning liability to plaintiff by defendants Valent and BISD, defendant Valent denies all such allegations. Regarding plaintiff's allegations regarding her conduct, since plaintiff does not identify herself, defendant has insufficient information either

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                                    7

to admit or deny such allegations.  Defendant denies all other allegations in said paragraph.

25.  Regarding Plaintiff's allegations in paragraph No. 14, concerning conduct by plaintiff and defendants BISD, defendant has insufficient information either to admit or deny such allegations, including the fact that plaintiff does not identify herself. Further, to the extent such allegations allege any unlawful conduct by defendant Valent, he denies all such allegations.

26.  Regarding Plaintiff's allegations in paragraph No. 15, concerning BISD's status under Title IX of the Education Amendments Act of 1972, and alleged gender-based discrimination thereunder against plaintiff, for reasons including that plaintiff fails to identify herself, defendant has insufficient information either to admit or deny such allegations.

27.  Regarding Plaintiff's allegations in paragraph No. 16, concerning actions by the parties, since plaintiff does not identify herself, defendant Valent has insufficient information either to admit or deny such allegations.  Regarding plaintiff's allegations that defendant Valent is liable to plaintiff for punitive damages, defendant denies such allegation.

## IX    DAMAGES

28.  Regarding plaintiff's allegations in paragraph No. 17 concerning damages, wherein plaintiff realleges paragraphs Nos. 1 -16, defendant realleges his answers to such prior paragraphs.

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                                    8

Defendant denies plaintiff is entitled to the relief plaintiff requests in paragraph No. 17.

29. Regarding plaintiff's allegations in paragraph No. 18 concerning injury to plaintiff, since plaintiff does not identify herself, defendant has insufficient information either to admit or to deny matters alleged, except defendant denies plaintiff is entitled to the relief requested in paragraph No. 18.

## X   CONDITIONS PRECEDENT

30. Regarding plaintiff's allegations in paragraph No. 19 concerning conditions precedent, since plaintiff does not identify herself, defendant has insufficient information either to admit or to deny matters alleged.  Defendant denies plaintiff has either alleged or completed conditions precedent to assert a claim herein under the "Civil Rights Act of 1964" (amended complaint, page 1, paragraph 1), or its equivalent under state law.

## XI   JURY DEMAND

31. Regarding paragraph No. 20, defendant admits plaintiff has requested a jury, but has insufficient information or knowledge either to admit or deny that plaintiff has paid a jury fee.

## XII   PRAYER FOR RELIEF

32. Defendant Valent denies plaintiff is entitled to the relief requested, or any other relief, and defendant Valent requests the court award him relief requested by him herein, and such other and further relief to which defendant may be entitled.

## XIII     COUNTER CLAIMS

33. Defendant, now   Counterplaintiff Valent, complains of plaintiff, now counterdefendant Sandra Doe.   Counterdefendant has injured Valent in ways including matters stated below.

34. As the result of allegations and conduct against him by a person whom he believes is counterdefendant Sandra Doe, Defendant was subjected to adverse personnel action, including suspension, and constructive discharge from his position as a professional employee with the Brownsville Independent School District in April 2000.  Defendant was forced into early retirement, resulting in the loss of a substantial portion of his annual income, and benefits of employment.

35. Counterdefendant  Sanra Doe with malice, intentionally subjected Edward Valent to emotional distress, and caused injury to Valent, and his professional relations and standing.

36. Counterdefendant  has  defamed counterplaintiff  Edward Valent  and  caused  him  public  disgrace  and  humiliation. Counterdefendant Doe has subjected Edward Valent to defamation *per se,* by a) impuning his professional ability, b) filing a "criminal complaint against Valent with BISD's Internal Police Department," (amended complaint, page 6, paragraph 11), and c) accusing him of a crime by paper filed of record herein by Doe's counsel (sexual assault, "violation of Texas Penal Code §22.011," plaintiff's motion  for  protective  order,  page  1,  paragraph  2).

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER – SECOND
AND COUNTER-CLAIMS                                            10

Counterdefendant Doe's accusation that Valent has committed a serious crime goes beyond the scope of matters at issue herein, and thus is not protected by limited judicial immunity.

37. As a consequence of Plaintiff's charges and allegations Defendant suffered emotional pain and suffering, and related physical pain and suffering related thereto. Doe's conduct caused a substantial disruption of Valent's life.

38. Plaintiff's false and malicious allegations constitute an invasion of Defendant's privacy and as such have injured Defendant.

### XIV    MISCELLANEOUS MATTERS RELATED TO BISD'S CONDUCT TOWARD EDWARD VALENT

39. During the time period which plaintiff alleges is relevant to plaintiff's claims and defendants' conduct, defendant BISD did not give notice to defendant Valent that anyone had filed an internal complaint or EEOC charge accusing him of unlawful harassment of any kind. Defendant BISD never afforded defendant the opportunity to respond to any such allegations.

40. After someone whom defendant Valent believes to be plaintiff filed a frivolous criminal report with the BISD police department, BISD took adverse personnel action against defendant Valent, including suspending him. When BISD finally recalled Valent to work, BISD assigned him to a lesser status position that the position he held before the suspension. After returning to work, due to the changed work environment and the harm done to him

by plaintiff as alleged above, defendant Valent took early retirement in approximately April 2000.

41. Regarding any and all internal complaints and investigations related to matters at issue herein, defendant BISD never gave defendant Valent notice and opportunity for hearing in any proceedings related thereto. Instead, defendant BISD gave credence to allegations by a person whom defendant believes to be plaintiff, a female, and denied equal consideration to defendant, a male, because of their respective genders, in violation of the Civil Rights Acts of 1964 and 1991 ("Title VII").

42. Regarding the EEOC charge filed by a person whom defendant believes to be plaintiff, wherein defendant Valent is named as the aggressor in a claim of sexual harassment, thereby becoming a participant in a proceeding before the Commission pursuant to Section 704a of the Civil Rights Act or 1964, As Amended. It is defendant Valent's best information and belief that the charge was filed in August 2000, and that BISD received notice of the charge in August or September 2000.

43. Not only did BISD fail to give notice of the EEOC charge to defendant, but BISD once again failed to give consideration to defendant Valent's right to respond to the allegations of sexual harassment. BISD never even contacted defendant Valent regarding the charge.

44. After this case was filed, and after defendant Valent was

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                          12

served with process, in further violation of law including Section 704a of Title VII, as above referenced, BISD failed and refused during September - December 2000 to provide defendant with legal defense counsel as it was required to do.  BISD finally in December 2000, after the first hearing herein, retained counsel to defend defendant Valent.  However, upon defendant Valent's death, BISD withdrew such counsel and assistance.

45.  During November 2000 despite requests to BISD for documents and information regarding the administrative complaints upon which this case is in part based, BISD failed and refused to provide such assistance to defendant Valent, in further violation of law including Section 704a of Title VII, as above referenced.

46.  On November 29, 2000 at the direction of counsel for BISD, defendant Valent served BISD with a written request pursuant to the Texas Open Records Act for relevant documents needed for his defense.  BISD to date has not responded, in violation of the Texas statute, and in further violation of law including Section 704a of Title VII, as above referenced.

47.  Defendant BISD's conduct toward defendant Valen, alleged in paragraphs 39 - 46, is in violation of the constitutions of the United States and the State of Texas, including defendant Valent's rights thereunder to Due Process and Equal Protection, and in violation of statutes including 42 U. S. C. Sections 1983 and 2000-e, *et seq.*, and the corresponding state fair employment practices

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                                    13

statutes.

48.    Under the subject statutes defendant is entitled to trial by jury; and remedies including back pay, compensatory damages, and punitive damages, costs, and attorney's fees, including attorney's fees for work done in administrative proceedings before the EEOC.

49.   Regarding matters related to BISD's conduct toward defendant Valent, as stated in paragraphs 39 - 49 herein, defendant Valent does not at this time assert any claims based on same, but reserves the right to do so through his personal representative herein.

## XV  PRAYER

50.    WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon a final hearing hereof, that Plaintiff recover nothing of and from Defendant, go hence without day, and that the Defendant receive all costs of court, reasonable attorney's fees, and such other and further relief to which they will show themselves to be justly entitled.

51.   Regarding  all  matters  at  issue  herein  defendant-counterplaintiff Valent demands a jury as to all claims and causes of action triable to a jury, and Counterplaintiff Valent prays the court upon final trial hereof, award relief as includes actual, compensatory, and punitive damages, prejudgement and post judgement interest as allowed by law, costs, reasonable attorney's fees, and all other relief as may be proper and just.

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                        14

Respectfully Submitted,

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597
956.761.6644 Telephone
956.761.7424 Telecopier

Paul Hemphill
LAW OFFICES OF
PAUL HEMPHILL
815 Ridgewood
Brownsville, Texas 78520

Attorneys for Defendant
Ofelia Cuevas, Executrix
For the Estate of Edward Valent

## CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record, to-wit:

Mr. J. Arnold Aguilar
LAW OFFICE
J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, TX 78520
956.504.1100 telephone
956.504.1408 telecopier        via:   FCu

Mr. Richard Zayas
THE LAW FIRM OF
ZAYAS & ZAMORA, P.C.
3100 East 14th Street
Brownsville, Texas 78520
956.546.5060t
956.541.4157f;                 via:   FCu

by means stated above on the 23 day of APRIL , 20 01 .

David Horton

DEFENDANT OFELIA CUEVAS, EXECUTRIX OF THE
ESTATE OF EDWARD VALENT'S AMENDED ANSWER - SECOND
AND COUNTER-CLAIMS                                      15