

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 1 2001

Michael N. Milby
Clerk of Court

| SANDRA DOE | § | |
|---|---|---|
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B - 00 - 182 |
| EDWARD A. VALENT | § | |

## MOTION FOR RECONSIDERATION OF
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW Plaintiff, proceeding under an assumed name, **SANDRA DOE**, and files this her Motion for Reconsideration of Plaintiff's Motion for Protective Order, requesting reconsideration of the denial of her Motion for Protective Order previously filed, and for such would respectfully show unto the Court the following:

1.01    Plaintiff has thus far been proceeding in this action under an assumed name, **SANDRA DOE**, because of the extremely sensitive and private nature of the facts involved in this case. Plaintiff had previously filed a Motion for Protective Order on January 29, 2001, requesting protection of her identity in this action. That Motion was denied without hearing through the Magistrate Judge's Order of May 10, 2001. At the Status Conference held in chambers before Magistrate Judge Black, the identity of Plaintiff was disclosed to all parties, in order to allow them to conduct whatever investigation or discovery they felt was appropriate. Plaintiff has now received a copy of Defendant Brownsville Independent School District's

(BISD) Investigative Report involving the allegations of Plaintiff and other women, which further emphasize the need for confidentiality and the protection of Plaintiff's identity in this action.

2.01    Plaintiff through her counsel recently received BISD's Investigative Report on Plaintiff's allegations herein. A copy of that Report with the names redacted is attached hereto as Exhibit A, and a sealed copy with all the names listed is attached as Exhibit B. For purposes of confidentiality, opposing counsel are not being provided with a copy of Exhibit B at this time, although Defendant BISD should already have a copy. As set out in that Report, BISD found that Plaintiff and other women were subjected to hostile work environment and *quid pro quo* sexual harassment by Edward A. Valent, at least two cases of which were verified by an Area Administrator. As set out in the Investigative Report attached hereto, the facts disclosed are of a very private nature, offensive, and extremely embarrassing. This Court's order that Plaintiff disclose her identity in documents filed with this court subjects Plaintiff to the Hobson's choice of dismissing the lawsuit or risk the stigma attached to the open records disclosure of the public documents filed with this Court. Plaintiff would therefore re-urge its Motion for Protective Order previously filed, which is incorporated by reference as though fully set out herein.

3.01    Plaintiff would therefore re-urge her request to proceed in this action under the assumed name of **SANDRA DOE**, and that the other three or more women similarly subjected to sexual harassment by Valent be identified for purposes of this lawsuit as **SANDRA DOE** 2, 3, and 4.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **SANDRA DOE** would respectfully request that upon consideration of this Motion that she be allowed to proceed anonymously in all pleadings and matters of this court, and that other women similarly affected or subjected to sexual harassment in this action be allowed to be identified as SANDRA DOE 2, 3, and 4, and that she be granted such other and further relief to which she may show herself to be justly entitled, whether general or special, at law and in equity.

Signed on this the 21st day of August, 2001.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone     : (956) 504-1100
Facsimile      : (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

Attorney for Plaintiff,
SANDRA DOE

## CERTIFICATE OF CONFERENCE

I, J. Arnold Aguilar, have conferred with counsel for Defendants Brownsville Independent School District and Valent, and such counsel oppose the Motion for Reconsideration of Plaintiff's Motion for Protective Order.

_____
J. Arnold Aguilar

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** has on this the 21st day of August, 2001 been forwarded via certified mail, return receipt requested to:

Mr. David Horton
NEEL & HORTON, L.L.P.
P.O. Box 2159
South Padre Island, TX 78597

Mr. D. Roderick MacRae, II
HENSLEE, FOWLER, HEPWORTH
  & SCHWARTZ, L.L.P.
800 Frost Bank Plaza
816 Congress Avenue
Austin, TX 78701-2443

_____
J. Arnold Aguilar

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA DOE | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B - 00 - 182 |
| EDWARD A. VALENT | § | |

# ORDER SETTING HEARING

On this _____ day of _____, 2001, came on to be considered **Motion for Reconsideration of Plaintiff's Motion for Protective Order** in the above styled and numbered cause.

IT IS THEREFORE ORDERED that said Plaintiff's Motion for Reconsideration be and is hereby set for hearing on the _____ day of _____, 2001, at _____ o'clock _____.m.

SIGNED FOR ENTRY this _____ day of _____, 2001.

_____
U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA DOE | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B - 00 - 182 |
| EDWARD A. VALENT | § | |

# ORDER

Be it remembered that came on to be considered the **Motion for Reconsideration of Plaintiff's Motion for Protective Order** and the Court being of the opinion that said Motion should be and hereby is GRANTED;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that **Motion for Reconsideration of Plaintiff's Motion for Protective Order** is hereby GRANTED and the parties are hereby ordered to continue to refer to Plaintiff as Sandra Doe and to any other women allegedly subjected to harassment by Valent as Sandra Doe 2, 3, 4 and continuing numbers as necessary, in all pleadings and documents filed with this Court.

Signed this the _____ day of _____, 2001.

_____
U.S. DISTRICT JUDGE

# EXHIBIT A

ClibPDF - www.fastio.com

**CONFIDENTIAL**

MEMORANDUM

DATE:    May 24, 2000

To:      Mr. Charles Bright
         Deputy Superintendent for Human Resources

FROM:    Judy Cuellar-Garcia
         Administrator for Classified Personnel

         Belinda Torres-Montez  BTM
         Certified Personnel Specialist

SUBJECT: Eddie Valent

We have completed our investigation on the sexual harassment allegation brought forth by ?          against Eddie Valent, Principal at Alternative Education Center. It should be noted that we asked Mr. Valent to meet with us to discuss the allegation. Mr. Valent informed us through a letter that he was under doctor's care and could not meet with us. Thus, we have made our findings and recommendations without a statement from Mr. Valent.

The allegation by          is a Quid Pro Quo and Hostile Environment harassment case since Mr. Valent was her immediate supervisor.         claims that Mr. Valent threatened to make a decision affecting her employment status. We examined the circumstances of the employment relationship and the job functions performed by         . In considering the totality of the circumstances, we examined the nature of the conduct, the context in which the alleged harassment occurred, the frequency of the conduct, its severity and pervasiveness. We questioned          and other B.I.S.D. employeees in detail in our attempt to conduct a fair investigation.

Our findings are as follows:
1. On April 26, 2000, a picture of          was found in Mr. Valent's desk. The picture shows          lying (clothed) on her bed.

2. AEC Sign-out sheet for the week of March 6 – March 10 verifies the date that          left the campus to allegedly meet Mr. Valent at her house for sexual intercourse.          affirms the date is on or about Thursday, March 9, 2000



and that this was the third time Mr. Valent had sexual intercourse with her. She states that the previous two times she had sexual intercourse with him were at the AEC.

3. Eight (8) Polaroid pictures provided by Elma Guerra, Data Entry Clerk at Porter, show            performing various sexually explicit acts with a man on or about March 9, 2000. These pictures were taken in            's bedroom. The pictures provided each contain the same serial number (11917116787-02 0724) and are in numerical order beginning with 3904 –3911. Ms. Guerra affirms that these pictures were given to her by Mr. Valent.            stated that Mr. Valent had taken Polaroid pictures of her in various sexually explicit acts on March 9, 2000. Saul Ibarra, paraprofessional at Porter; Griselda Ibarra, paraprofessional at Porter; and Edward Noriega, counselor at Porter gave statements that they saw            's pictures between early March and Spring Break 2000.

4. An incident report taken at the AEC on March 15, 2000 included a Polaroid picture of a student's jacket with a baggie of marijuana. The serial number on this picture is 11917116787-02 0724, picture number 3912. The numbers on the picture coincide with the eight pictures provided by Ms. Guerra. A statement by Yvonne Garza, security officer at AEC, verifies the Polaroid camera was given to her by Mr. Valent. She took the picture and returned the camera to Mr. Valent.

5. Inventory records at AEC do not show a Polaroid camera as a fixed asset, however, the AEC office staff saw the camera in Mr. Valent's office and knew where the camera was kept. We asked Mr. Torres, Assistant Principal at AEC to show us the camera. Mr. Torres nor the office staff could locate the camera in Mr. Valent's office. During the course of the investigation we were not able to locate the camera.

6. A statement from            , teacher at Central attests that she had an affair with Mr. Valent while he was principal at Central during the 1994-95 school year. Mr. Valent would call her out of her classroom or team meeting to have sex at the campus during school hours. We obtained statements from Central employees verifying that Mr. Valent would pull            out of her classroom or team meeting.

7.            provided us with seven (7) Polaroid pictures of her and a man performing sexual acts. She also provided us with one (1) Polaroid picture of a woman she identifies as            and a man performing a sexual act.            states that the man in these pictures is Mr. Valent who himself took the pictures.

8.            states that she obtained the pictures from Lillie Jean Bowman, teacher at Cummings. She states that Ms. Bowman told her she had obtained the pictures from her son David Bowman. Mr. Bowman had allegedly been given the pictures by Mr. Valent. According to            , Mr. Valent was threatening Lillie Bowman to get the pictures back. These pictures show unique Egyptian items in the background. We found the same unique items in Mr. Valent's office at AEC.

9. It is our contention that Mr. Valent is responsible for distributing pornographic material to district employees. This material has been viewed on district property at more than one campus.

10. _____ , former teacher at Central, gave a statement that Mr. Valent told her that he was sexually attracted to her. As per _____ , Mr. Valent would call her at home to hear her voice on the answering machine. Ms. Judy Rodriguez's statement verifies that _____ asked Mr. Valent to stop harassing her. Ms. Susan Fox also confirms _____ spoke to her about Mr. Valent's comments.

11. _____ , paraprofessional at AEC, gave a statement informing us that during the 1995-96 school year Mr. Valent touched her butt and slapped it twice. She felt it was inappropriate and unwelcome but did not confront him about it. She states she kept her distance after this incident and constantly spoke about her husband when she was around him. Since this incident _____ believes she has been reprimanded by Mr. Valent for unjust cause.

12. Several statements from AEC employees and Mr. Mike Torres, Assistant Principal, reveal that _____ was always talking on the telephone during working hours, that she would leave the campus without notifying the office, and took long lunch hours. On one occasion, _____ left without notifying the office and had a seizure which led to a car accident. Although these incidents were reported to Mr. Valent, he never documented or took any disciplinary action against her.

13. Mr. Torres completed all of the AEC teacher evaluations because Mr. Valent had not completed any portion of the evaluation process as of the date he was put on administrative leave.

14. We found through our investigation that no absence reports were submitted for teachers throughout the 1999-2000 school year. Mr. Torres was notified to prepare the absence reports and submit them to certified personnel. Without the absence reports, all AEC teachers would have received a perfect attendance supplemental award.

15. As per Mr. Valent's request, his secretary, Linda Avalos, was moved to another campus. He had been informed that he could not fill the position with any new or current employee. Through this investigation, we found that he had moved a teacher aide to this position in violation of the Fair Labor Standards Act and district directive.

Furthermore we find that there was more than one allegation of sexual harassment in a possible Quid Pro Quo situation. These allegations were presented by female employees and in two cases verified by an area administrator. As a result of these findings, we recommend the following:

1. We recommend Mr. Valent be terminated in violation of Title VII and BISD Policy (DHC Legal and Local) against Sexual Harassment/Sexual Abuse.

2. Since BISD has approved his retirement effective June 16, 2000, we recommend that the district amend the approval to be effective immediately. While awaiting approval of this recommendation, we recommend Mr. Valent be placed on unpaid leave.

3. We recommend that a Notice of Warning be immediately placed in Mr. Valent's employee file indicating violation of sexual harassment.

4. We recommend that Mr. Valent not be eligible for re-employment with BISD.

5. We recommend that Mr. Valent not represent BISD on the TEA Grade 4 Writing committee as per letter dated May 4, 2000 from Keith L. Cruse, Student Assessment Division.

6. We recommend that all campuses that Mr. Valent served as principal be provided with sexual harassment training.

7. We recommend that Mr. Valent not be allowed on any BISD campuses.

8. We strongly recommend that this information be forwarded to SBEC for review.

To whom it may concern,

On March of 1995, I was going through a divorce. I was going to counseling with my two sons. My counselor kept on insisting to tell my boss about my divorce. As soon as I told my boss it was when it all started. I thought he was being concerned about me. He started to call me into his office and talking to me. Later, he started calling me at home. To my surprise he started asking me out to lunch and sending Mr. Ramirez to cover for me. A couple of months later I became intimate with him. We would go out to lunch two or three times a week. He asked me to to go to two workshops that year. One was to New Orleans and the other was to San Antonio. I started falling for him, thinking he had change. By August of '95, he started to pull away. I found out he was dating _____. After a couple of weeks he starting to come into my classroom just to see how I was doing. After the bell would ring he'd take me to the Annex building, 3rd floor, to have intimacy. Later when school started he put me as team leader. He would still harrass me and I hated it. He would follow me to my classroom or call me out of my classroom, saying he needed to talk to me. Again he'd tell me to walk with him. I knew what he wanted to do. I was afraid to say no to him. This went on until I started to tell my friend Tim Ramirez not to leave me alone. There were times he could not help it because Mr. Valent would tell the team he needed to talk to me.

    The summer of "99, a friend of mine, Lily Jean Bowman called me, who I hadn't heard in a while, told me she had some pictures of me. That Mr. Valent had given her son. She said if I wanted them. I went to pick them up. The following Tuesday, she called very early in the morning demanding the pictures back. I told her that I would give them to her. She started calling me at school and leaving me messages. One message she left was that if I was looking for trouble, I was going to find it. That's the last I heard from her.

    Then, in Oct. of '99, I bumped into Mr. Valent and I told him he was not going to get with it (pictures). He kept insisting he didn't know what I was talking about. Then he said that Lily Jean Bowman had gone to his apartment and stolen the pictures.

    Lily Jean Bowman also told me that he had a video tape of me and him and he wanted to get together with her and her friend, Ms. Castillo to show them the video.

    In March of 2000, Mr. Valent's girlfriend stopped me at H.E.B. to ask me if Mr. Valent was still calling me. She said she had gone to my house but I guess I wasn't home. She also told me that she had destroyed all pictures and videos before he moved in with her.

*The pictures I picked up from Lily Jean Bowman were pictures taken by Mr. Valent on several occasions.*

4/20/00



EXHIBIT D

# EXHIBIT B

*Sealed Envelope Attached*