United States District Court
Southern District of Texas
FILED

SEP 10 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA DOE | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B – 00 – 182 |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT and the Estate | § | |
| of EDWARD A. VALENT | § | |

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant Brownsville Independent School District (District) and files this Response in Opposition to Plaintiff's Motion for Reconsideration of Plaintiff's Motion for Protective Order.

I.

FACTS

1.  The facts of this civil lawsuit are very simple. This suit deals with an adult female suing her supervisor for alleged sexual harassment/assault, as well as her suing the employer for the alleged acts of the supervisor. The adult female is simply seeking money damages. This scenario has been, and continues to be, played out in countless courtrooms across this nation. The alleged sexual harasser in this case, as a result of the investigation conducted by the employer, provided a sworn statement that no such harassment took place. (See Exhibit No. "1") Further, the adult female chose to wait more than half a year before filing a complaint with the employer for what her civil suit indicates to be an ongoing relationship of more than half a year. Additionally, during the time she chose not to file a complaint, she sent flowers to Defendant

Edward A. Valent. As a result, tremendous questions are raised regarding the consensual nature of this relationship.

II.

## ARGUMENT AND AUTHORITIES

2.   Simply put, based on the facts in this matter, there is absolutely nothing about this civil suit that warrants the extreme and chilling step of permitting the Plaintiff to proceed with this lawsuit without first identifying herself. In Plaintiff's Motion for Protective Order, her counsel brings to the Court's attention the Fifth Circuit Court of Appeals decision in *Southern Methodist University Asso. of Women Law Students v. Wynne & Jaffe*, 599 S.W.2d 707 (5th Cir. 1979). Plaintiff's counsel argues that the facts of Plaintiff's case should rise to the level of a personal nature equal to issues of concern identified by the Court of Appeals in the areas of "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Id.* at 712. What is not pointed out by Plaintiff is that the paragraph immediately proceeding Plaintiff's quotation from the Court reads as follows:

> Plaintiffs have not cited, nor have we found, any prior decisions which recognize or even discuss the right of Title VII plaintiffs to proceed anonymously. Neither the Federal Rules of Civil Procedure nor Title VII itself make provision for anonymous plaintiffs. The rules require that '(i)n the complaint the title of the action shall include the names of all the parties,' Fed.R.Civ.P. 10(a), and the language of Title VII establishes no exception to the general principle that 'the identity of the parties to a lawsuit should not be concealed.' *Doe v. Deschamps*, D. Montana, 1974, 64 F.R.D. 652, 653.

3.   The Court thereafter goes on to state its finding as follows:

> Because we find neither an express congressional grant of the right to proceed anonymously nor a compelling need to 'protect( ) privacy in a very private matter,' *Doe v. Deschamps, supra*, 64 F.R.D. at 653, we hold that these Title VII

plaintiffs may not sue under fictitious names and therefore affirm the district court's order requiring disclosure of A-D's identities by proper pleadings.

4.  In the action pending before this Court, the Court should note that Plaintiff's lawsuit contains as a central component a claim under Title VII.

5.  As recently as April 1997, the United States District Court, Beaumont Division, dealt with the issue of Plaintiffs wishing to proceed anonymously in the matter of *Jane Doe et al v. Beaumont Independent School District*, 172 F.R.D. 215 (1997). In the analysis provided by that Court, they state the following:

> The decision to permit parties to proceed anonymously at trial is one of many involving management of the trial process that for obvious reasons is committed to the sound discretion of the trial court. *James v. Jacobson*, *216 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Stegall*, 653 F.2d 180, 184 (5th Cir. 1981). Federal Rule of Civil Procedure 10(a) requires a complaint to 'include the names of all the parties.' This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved in a case, including the identities of the parties. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974). There is a clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public properly.' *Stegall*, 653 F.2d at 185, citing *Craig v. Harney*, 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546 (1947). Therefore, it is the exceptional case in which a plaintiff may proceed under a fictitious name. *Frank*, 951 F.2d at 323; see also *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (granting the 'rare dispensation of anonymity against the world' is within the discretion of the district court).

6.  Plaintiffs in that matter had brought an action challenging the school district's clergy in schools programs under the establishment clause and moved to proceed anonymously. The Court held that they were not entitled to proceed anonymously.

3

7.    In the action pending before this Court, Plaintiff makes the argument that because she has agreed to disclose her identity to the Defendants, the Defendants will not be hampered in their investigation or the defense of Plaintiff's claims. This is simply untrue. One of the primary defenses available to counter Plaintiff's contentions is that she was in fact involved in a consensual relationship with Defendant Edward A. Valent. By the assertions found in her own petition, some sort of a relationship was ongoing for at least half a year prior to her present allegations being raised. There is every likelihood that yet-to-be-identified members of the community would be witnesses to the nature of the relationship between the Plaintiff and Defendant Valent. These members of the community may independently come forward and add light to the truth of this matter. It is apparent that the Plaintiff wishes to limit that light, and the Defendant's ability to obtain this information, in order to benefit her civil case by keeping her identity secret. Further, Plaintiff's disclosure of her identity to the public is especially necessary in determining the truth of this matter due to the fact that Defendant Edward A. Valent has died. The Court should take note that Plaintiff was aware of Defendant Edward A. Valent's serious medical condition prior to his death and chose not to preserve his testimony.

8.    Plaintiff's Motion for Reconsideration provides no new case law in support. Instead it argues that because other individuals who are not party to this action, may have had relationships of a sexual nature with decedent Defendant Valent, that therefore Plaintiff's identity as well as those other individuals should be kept secret from the public. Given the fact that Defendant Valent died without Plaintiff's taking the opportunity to preserve his testimony, in order to determine the truth regarding the matters being raised by Plaintiff, it is a necessity that what transpires in this case be open to the public so that the light of day, and ultimately the truth can

4

be seen. As stated in the quotation provided above in *Doe et al v. Beaumont Independent School District*, there is a clear and strong First Amendment interest in insuring that what transpires in the courtroom is public property. Brownsville Independent School District is a public entity that respectfully requests that the clear light of day be cast upon both the facts and the individuals in this case so that the truth can be determined and so that it may not be hampered in defending itself in this case. Brownsville Independent School District should be able to freely conduct investigations, interviews, depositions and other discovery without any restrictions such as having to proceed against an anonymous Plaintiff and not being able to reveal her name. Such restrictions would deprive Brownsville ISD of a fair chance to defend itself.

WHEREFORE, Defendant Brownsville Independent School District prays the Court denies Plaintiff's Motion for Reconsideration of Plaintiff's Motion for Protective Order.

                    Respectfully submitted,

By: *D. Roderick MacRae* [signature]

    D. Roderick MacRae II
    Attorney-In-Charge
    State Bar No. 00788955
    Federal Adm. No. 21824

    Roger D. Hepworth
    State Bar No. 09498980
    Federal Adm. No. 12816

    HENSLEE, FOWLER, HEPWORTH
    & SCHWARTZ, L.L.P.
    800 Frost Bank Plaza
    816 Congress Avenue
    Austin, TX 78701-2443
    Telephone:  512/708-1804
    Facsimile:  512/708-9037

    **ATTORNEYS FOR DEFENDANT**
    **BROWNSVILLE INDEPENDENT SCHOOL**
    **DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing **DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** was served upon the following counsel of record, by Certified Mail, Return Receipt Requested, in accordance with the Texas Rules of Civil Procedure, on this the 7th day of September, 2001.

Mr. J. Arnold Aguilar                CM,RRR P 7179 9217 9710 4000 0437
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, TX 78520

**ATTORNEY FOR PLAINTIFF**
**SANDRA DOE**

6

Mr. Richard E. Zayas                          CM,RRR P 7179 9217 9710 4000 0444
Zayas & Zamora
3100 East 14th Street
Brownsville, TX 78520

ATTORNEY FOR PLAINTIFF
SANDRA DOE


Mr. David Horton                              CM,RRR P 7179 9217 9710 4000 0451
Neel & Horton, L.L.P.
P.O. Box 2159
South Padre Island, TX 78597

ATTORNEY FOR DEFENDANT
EDWARD A. VALENT


Mr. Paul Hemphill                             CM,RRR P 7179 9217 9710 4000 0468
Attorney-at-Law
815 Ridgewood
Brownsville, TX 78520

ATTORNEY FOR DEFENDANT
EDWARD A. VALENT


_____
D. Roderick MacRae II


01900-12-Resp in Opposition 090701.doc

THE STATE OF TEXAS
COUNTY OF CAMERON

KNOW ALL MEN BY THESE PRESENTS:

AFFIDAVIT OF FACT

APRIL 7, 2000

I, EDWARD VALENT, DENY ALL ALLEGATIONS MADE BY ROSA BERLANGA ON APRIL 3, 2000 OF SEXUALLY ASSAULTING HER THROUGH THE MONTHS OF SEPTEMBER 1999 TO MARCH 2000, OR ANY TIME OR ANY PLACE.

I DID NOT SOLICIT NOR ENGAGE IN SEX WITH HER EITHER AT SCHOOL OR ELSEWHERE IN RETURN FOR A FAVORABLE TEACHER'S EVALUATION.

_____
EDWARD VALENT

STATE OF TEXAS
COUNTY OF CAMERON

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS THE 7th DAY OF April, 2000.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

[Notary Seal: ALICIA CASTILLO, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 10-12-2003]

EXHIBIT NO. "1"