IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SANDRA DOE | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B - 00 - 182 |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT and the | § | |
| Estate of EDWARD A. VALENT | § | |

## PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW Plaintiff, **ROSA M. BERLANGA**, formerly identified as Sandra Doe, complaining of Brownsville Independent School District (hereinafter BISD) and the Estate of Edward A. Valent, Defendants herein, and for cause of action would respectfully show unto the Court the following:

### I.

### NATURE OF ACTION

1.   This is an action for actual, compensatory and exemplary damages, filed pursuant to the Civil Rights Act, 42 U.S.C. §1983, *et seq.*, 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. §1981a, *et seq.*, Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et seq.*, and applicable state law, wherein Plaintiff contends that the Defendants discriminated against her based on her sex, falsely arrested, detained and imprisoned her, invaded her rights to privacy and to bodily integrity, sexually harassed and assaulted her, and intentionally inflicted emotional

distress on her, in violation of her rights under the Fourth, Fifth, Ninth and Fourteenth Amendments to the U.S. Constitution, and in violation of applicable state and federal law.

## II.
## PARTIES, JURISDICTION and VENUE

2.      Plaintiffs ROSA M. BERLANGA is an individual resident of Brownsville, Cameron County, Texas. At all relevant times, Plaintiff was an employee of the Brownsville Independent School District, working under the direct supervision of Edward A. Valent under the customs, policies and procedures established by Defendant Brownsville Independent School District.

3.      Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT is an independent school district organized under the laws of the State of Texas. This Defendant has already been served and filed an Answer herein. No further service is necessary at this time.

4.      Defendant Estate of Edward A. Valent is represented by its Executrix, Ofelia Cuevas, who has already been served and filed an Answer herein. No further service is necessary at this time.

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§1331, 1343 & 1443. Venue lies in this Court pursuant to 28 U.S.C. §1391 because both Defendants reside within this district and all, or a substantial part, of the events or omissions giving rise to this action occurred within this District.

## III.

## FACTUAL BACKGROUND

6. On or about August 1988, Rosa M. Berlanga was first employed by Defendant Brownsville Independent School District as a Spanish teacher at their Pace High School campus. Brownsville Independent School District maintains a site-based management system, and it had previously assigned Edward A. Valent as its Principal at, and ultimate authority for, the Pace High School campus. Ms. Berlanga initially worked under the supervision of Valent for three (3) years. In October of her second year at Pace, Ms. Berlanga was involved in an auto accident, which resulted in her suffering from seizures, and ultimately resulted in brain surgery in San Antonio, Texas. As a result of this auto accident, Ms. Berlanga was left with a diminished mental capacity, and an inability to fully understand or appraise the nature of improper conduct. After taking a year off following the birth of her son, she returned to work for BISD, and she was transferred to Rivera High School for a year. The following year, she was transferred to Lincoln Park Middle School, where she taught for another year. She was then transferred to Central Middle School as an Attendance Monitor, where she was again under the supervision of Principal Edward A. Valent, who had previously been transferred to Central Middle School. The following year, Ms. Berlanga was transferred to Perkins Middle School, where she taught for three (3) years as a Spanish teacher and a teacher's aide. She was then transferred back to Rivera High School, as a permanent substitute teacher, where she stayed for another year. At the beginning of the 1999-2000 school year, Ms. Berlanga was transferred to the Alternative Center, where she was again under the supervision of Valent.

7. When Ms. Berlanga was first assigned to the Alternative Center, Mr. Valent told her he did not have anything for her at his campus and that he was going to call the office to straighten out the matter. She was ultimately assigned to the position of Assistant Physical Education coach. This confirmed BISD's abdication of employment decisions and other matters at the Alternative Center Campus to Mr. Valent. Shortly after the beginning of the school year, Mr. Valent started making suggestive sexual remarks to Ms. Berlanga, to which she would consistently object. He would belittle her and tell her she did not do anything. He would change her daily assignment from being a P.E. coach on one day and a substitute teacher on another day. The actions of Mr. Valent were apparently designed to emphasize his control over the determination of Ms. Berlanga's continued employment, and served to degrade her self-esteem. Consistent with this policy, Mr. Valent would find numerous reasons, some justified, others not, to discipline or chastise Ms. Berlanga. After a period of time had passed, when he would chastise Ms. Berlanga for any minor violation, in escorting her out of his office Valent would grab her buttocks. Valent thereby began a program of discrimination and assault through the use of tactics of intimidation, emphasizing that he was in charge of her evaluations, discipline and continued employment at the Alternative Center. His actions eventually led to, and included, the physical, sexual and emotional assault of Ms. Berlanga, including through oral and vaginal penetration against her will. During this time, Mr. Valent made it clear to Plaintiff that she had neither any basis on which, nor any other person to whom, she could complain.

8. The actions taken by Valent were in the course and scope of his employment with Defendant BISD through his alleged evaluation of her work. Mr. Valent maintained control of Plaintiff's daily assignment, which would change frequently. Because of her changing work

assignment, it was only Mr. Valent that could evaluate her, and his evaluation included demands for sexual favors, compliance with his sexual demands, and subjecting her to nude photography. As a result of the actions of Valent, including the added stress and humiliation, Plaintiff suffered extreme mental anguish and humiliation, and was ultimately admitted to the hospital on March 12, 2000, suffering from epileptic seizures.

9. Although Plaintiff complained numerous times to Mr. Valent, and a security guard was aware of at least one instance of assault by Valent, no action was ever taken by Valent or BISD to curtail or prevent the actions of Valent. The actions of Valent were permitted through the custom, policy or procedure of Defendant BISD. Prior to Defendants' actions involving Plaintiff Berlanga, Defendant BISD was aware of Valent's use of his office to extract sexual favors from other female employees, as well as his sexual involvement with other employees, yet failed to take any action to curtail or restrict his ability or opportunity to do so.

10. Plaintiff Berlanga eventually summoned enough courage to file a complaint against her supervisor, the director of the Alternative Center campus, Defendant Edward A. Valent, directly with BISD. Although a complaint was filed with Defendant BISD, and Defendant BISD conducted some investigation into the merits of Plaintiff's allegations, Defendant BISD took no action whatsoever to discipline Valent, allowing him instead to submit a letter of resignation or retirement. Even after Defendant's own investigation team recommended that Valent's retirement take effect *immediately* and that he be placed on unpaid leave, no further action was taken by B.I.S.D. As a result, Defendant BISD never submitted any conclusion on the merits of Plaintiff's allegations, and it took no further action whatsoever that would indicate that the actions of Valent were other than the accepted custom, policy and procedure of Defendant BISD.

Although Plaintiff also filed a criminal complaint against Valent with Defendant BISD's Internal Police Department, and that Department also conducted an investigation, no criminal prosecution was ever commenced against Valent.

## IV.

## CAUSES OF ACTION

11. Paragraphs 1-10 are incorporated by reference as though fully set out herein. At all times material hereto, Edward A. Valent was a policymaking officer of Defendant Brownsville Independent School District, in that Valent set and established employment policy decisions at the Alternative Center campus of Defendant BISD. In particular, all hiring, evaluation and firing decisions and policies at the Alternative Center campus were left to the discretion of Valent, and he was the highest supervisory authority at the Alternative Center campus. At all times material hereto, Valent was acting under color of state law or authority, and the actions of Valent and Defendant BISD reflected their deliberate indifference to Plaintiff's known constitutional rights. At all times material hereto, Valent was acting under color of law and authority as the person with ultimate authority for employment-related decisions and actions at the Alternative Center campus of BISD.

12. Based on the actions described herein, Defendant Estate of Edward A. Valent, individually, is liable to Plaintiff Rosa M. Berlanga for false arrest, detention and imprisonment, assault, battery, negligence and intentional infliction of emotional distress, in accordance with applicable state law. In addition, because the actions of Valent described herein constituted a violation of Plaintiff Berlanga's clearly established constitutional rights of which a reasonable person would have known, pursuant to Defendant BISD's custom, policy and/or procedure, in

violation of her rights to be free from unreasonable search and seizure, not to be deprived of liberty without due process of law, to privacy, and to the equal protection of the laws, in violation of 42 U.S.C. §1983 and the Fourth, Fifth, Ninth and Fourteenth Amendments to the U.S. Constitution, Defendants Estate of Edward A. Valent and BISD are further liable to Plaintiff herein. Defendant BISD is liable for the actions taken by Valent described herein, which were part of a custom, policy or procedure established, adopted or otherwise accepted by Defendant Brownsville Independent School District, directly or indirectly.

13. Plaintiff would show that Defendant BISD further violated her constitutional rights to due process and to the equal protection of the laws described herein through Defendant BISD's custom, policy or procedure of refusing to make findings of fact regarding Plaintiff's allegations after she submitted her complaint to BISD's administration, refusing to prevent or to take any disciplinary action against Valent for his unconstitutional, offensive, improper and criminal conduct described herein, and refusing to prosecute Valent based on the facts provided by Plaintiff. Plaintiff would show that if Defendant BISD's custom, policy or procedure was other than to allow for the violations described herein, it would have investigated immediately, concluded its investigation on her complaint after a reasonable time, acted on the recommendations of its investigators, and made appropriate findings and conclusions of fact. Although Plaintiff requested the results of Defendant BISD's investigation on her complaint after a reasonable time had passed, Defendant BISD failed, and continues to fail, to provide Plaintiff with any results from its alleged investigation.

14.     Plaintiff would further show that Defendant BISD is an educational institution governed by Title IX, of the Education Amendments Act of 1972, 20 U.S.C. §1681, *et seq.*, and that the actions of Defendant BISD described above constituted discrimination on the basis of sex, for which Defendant BISD is liable to Plaintiff.

15.     Plaintiff would further show that she timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC), complaining of the sexual discrimination, harassment and assault described herein, and that such claim was investigated by the EEOC. At the conclusion of that investigation, the EEOC issued its DETERMINATION, concluding that Defendant BISD "violated Title VII by subjecting Charging Party and other females to a sexually hostile work environment that included *quid pro quo* sexual harassment." At the conclusion of the processing of that Charge, the U.S. Department of Justice, Civil Rights Division, provided Plaintiff with her Notice of Right to Sue dated June 13, 2001. Pursuant to that authorization, Plaintiff now submits this action for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, and 42 U.S.C. §1981a for the sexual discrimination, harassment and assault, including hostile work environment and *quid pro quo* sexual harassment, described herein.

16.     In taking the actions described above, Valent and BISD acted without authority of law, willfully, knowingly and purposely, and with conscious and deliberate indifference to Plaintiff's known constitutional, statutory and personal rights, and in knowing violation of those rights described above, for which Defendants are liable to Plaintiff for exemplary or punitive damages.

## V.

## **DAMAGES**

17.  Paragraphs 1-16 are incorporated by reference as though fully set out herein. As a result of the foregoing acts and/or omissions described above committed against Plaintiff by Defendants, Plaintiff has suffered, and will continue to suffer, the following damages and injuries:

(a)  past and future physical pain and suffering;

(b)  past and future emotional and mental anguish, pain, suffering, inconvenience, mental anguish, injury to her good name, character and to her general and professional reputation, embarrassment and humiliation, loss of enjoyment of life and other nonpecuniary losses;

(c)  deprivation of her rights and privileges guaranteed to citizens of the United States and the State of Texas by the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution;

(d)  reasonable and necessary medical, hospital, psychological and psychiatric expenses in the past and in the future; and,

(e)  past and future lost wages, back pay, front pay and lost and impaired earning capacity.

18.  Plaintiff is now suffering, and will continue to suffer irreparable injury from the Defendants' actions, policies, practice, customs, procedures and usages. Other than through this lawsuit, Plaintiff has no real, adequate and complete remedy at law to redress the wrongs alleged, and this action is the only means of securing adequate relief.

## VI.

## **CONDITIONS PRECEDENT**

19.  All conditions precedent to the filing of this action and the recovery of the damages prayed for herein, have occurred and have been performed.

## VII.

## JURY DEMAND

20. Plaintiff ROSA M. BERLANGA requests that a jury of her peers be convened to determine the factual issues in this case, and has tendered to this Federal District Court the statutory jury application fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **ROSA M. BERLANGA** prays that Defendants Brownsville Independent School District and the Estate of Edward A. Valent be cited according to law to appear and answer herein, and that upon final trial, that Plaintiff Berlanga have and recover from Defendants BISD and the Estate of Edward A. Valent, jointly and severally, the damages described above, in the full amount allowed by law, together with the following:

(a) judgment for actual and compensatory damages for pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses against Defendants in an amount to be determined entirely by the trier of act;

(b) Back pay, front pay and other equitable relief pursuant to 42 U.S.C. §2000e-5;

(c) exemplary or punitive damages against Defendant Estate of Edward A. Valent, independently, and against Defendant Brownsville Independent School District, independently;

(d) pre-judgment interest at the maximum legal rate;

(e) post-judgment interest on said judgment at the maximum legal rate, until paid in full;

(f)   reasonable and necessary attorneys' and experts' fees, pursuant to 42 U.S.C. §§1988 and 2000e-5;

(g)   costs of court; and,

(h)   such other and further relief to which Plaintiff ROSA M. BERLANGA may be justly entitled, whether general or special, at law and in equity.

Signed on this the 25th day of September, 2001.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**

Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone   :  (956) 504-1100
Facsimile    :  (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822


**ZAYAS & ZAMORA**

3100 East 14th Street
Brownsville, TX 78520
Telephone   :  (956) 546-5060
Facsimile    :  (956) 541-4157

By: _____
Richard E. Zayas, by J.A.A.,
State Bar No. 00788744         with permission
Federal Adm. No. 16852

Attorneys for Plaintiff,
ROSA M. BERLANGA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT** has on this the _26th_ day of September, 2001 been forwarded via certified mail, return receipt requested to:

Mr. D. Roderick MacRae, II
HENSLEE, FOWLER, HEPWORTH
   & SCHWARTZ, L.L.P.
800 Frost Bank Plaza
816 Congress Avenue
Austin, TX 78701-2443


Mr. David Horton
NEEL & HORTON, L.L.P.
P.O. Box 2159
South Padre Island, TX 78597

_____
J. Arnold Aguilar