44

United States District Court
Southern District of Texas
FILED

OCT 1 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA DOE | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B – 00 – 182 |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT and the Estate | § | |
| of EDWARD A. VALENT | § | |

## DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER TO PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Brownsville Independent School District (Defendant), Defendant in the above-styled and numbered action, who files this its Original Answer to Plaintiff's Third Amended Original Complaint, and for such answer, would respectfully show unto the Court the following:

I.

### IMMUNITIES

1.      Defendant possesses immunities, both statutory and at common law, which defeat the claims of Plaintiff.

II.

### JURISDICTION

1.      Plaintiff's claims for occupational injury are pre-empted by the Texas Worker's Compensation Act, with the result that any such claims must be made before the Texas Worker's

Compensation Commission, and accordingly, this Court lacks subject matter jurisdiction over such claims.

III.

AFFIRMATIVE DEFENSES

1.    Plaintiff's claims and/or causes of action are barred in whole or in part based upon the applicable statutes of limitations.

2.    Plaintiff's claims are barred in whole or in part based upon the applicable doctrine of laches.

3.    Plaintiff has failed to mitigate her damages.

4.    Plaintiff unreasonably failed to avail herself of Brownsville Independent School District's complaint and assistance procedures.

5.    Brownsville Independent School District raises as an affirmative defense provisions made available to Defendant pursuant to 42 U.S.C. 1981a, *et seq.*, which limits the potential monetary recovery of Plaintiff.

IV.

NATURE OF ACTION

1.    With respect to paragraph No. 1 of Plaintiff's Third Amended Original Complaint, Defendant admits that Plaintiff has filed an action that purports to bring a claim pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1983, *et seq.*, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981a, *et seq.*, Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et. seq.*, and applicable state law, but denies all other claims and allegations contained therein. However, the action purported to be brought under the vague and general pleading "and applicable state law" fails to state a claim upon which relief can be granted.

2

V.

## PARTIES, JURISDICTION AND VENUE

2.      With respect to paragraph No. 2 of Plaintiff's Third Amended Original Complaint, Defendant admits the allegations contained therein with the specific exception that while Plaintiff worked on a campus where Defendant Edward A. Valent was the Principal, she was not working under "direct supervision", which allegation is denied.

3.      With respect to paragraph No. 3 of Plaintiff's Third Amended Original Complaint, Defendant admits the allegations contained therein.

4.      With respect to paragraph No. 4 of Plaintiff's Third Amended Original Complaint, Defendant admits the allegations contained therein.

5.      With respect to paragraph No. 5 of Plaintiff's Third Amended Original Complaint, Defendant admits that this Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 & 1443, however, Defendant denies that this Court has jurisdiction regarding Plaintiff's claims for occupational injury in that such claims are pre-empted by the Texas Worker's Compensation Act, with the result that any such claims must be made before the Texas Worker's Compensation Commission, and accordingly, this Court lacks subject matter jurisdiction over such claims.  Defendant admits that venue lies in the Court pursuant to 28 U.S.C. § 1391, because Defendant Brownsville Independent School District lies within this District, however, Defendant denies this Court has venue regarding Plaintiff's claims for occupational injury in that such claims are pre-empted by the Texas Worker's Compensation Act with the requirement that any such claims must be made before the Texas Worker's Compensation Commission.  With respect to the remainder of paragraph No. 5, Defendant has insufficient information upon which to either admit or deny those matters stated.

3

VI.

FACTUAL BACKGROUND

6.      With respect to paragraph No. 6 of Plaintiff's Third Amended Original Complaint, Defendant admits that on or about August 1998, Rosa M. Berlanga was first employed by Defendant Brownsville Independent School District as a Spanish teacher at their Pace High School Campus.  Defendant further admits that Brownsville Independent School District maintains a site-based management system, and that it had previously assigned Edward A. Valent as its Principal at the Pace High School Campus.  Defendant denies that Edward A. Valent as Principal had ultimate authority for the Pace High School Campus. Defendant admits that Ms. Berlanga initially worked under the supervision of Valent for three (3) years.  With regard to Plaintiff's assertion that, "In October of her second year at Pace, Ms. Berlanga was involved in an auto accident, which resulted in her suffering from seizures, and ultimately resulted in brain surgery in San Antonio, Texas,"  Defendant has insufficient information to either admit or deny those matters stated.  With regard to Plaintiff's assertion of that, "As a result of this auto accident, Ms. Berlanga was left with a diminished mental capacity, and an inability to fully understand or apprise the nature of improper conduct," Defendant denies the allegations contained therein.  With regard to Plaintiff's assertion that, "After taking a year off following the birth of her son, she returned to work for BISD, and was transferred to Rivera High School for a year", Defendant has insufficient information to either admit or deny the reason why Plaintiff did not work for that year.  Defendant admits that Plaintiff returned to work for BISD and was transferred to Rivera High School for a year.  Defendant admits Plaintiff's allegations that, "The following year she was transferred to Lincoln Park Middle School where she taught for another year." Defendant admits Plaintiff's allegations that, "She was then transferred to Central Middle

4

School as an attendance monitor, where she was again under the supervision of Principal Edward A. Valent, who had previously been transferred to Central Middle School." Defendant admits Plaintiff's allegations that, "The following year, Ms. Berlanga was transferred to Perkins Middle School where she taught for three (3) years as a Spanish teacher…", but Defendant denies that Plaintiff was "a teacher's aide". Defendant admits Plaintiff's allegations that, "She was then transferred back to Rivera High School, as a permanent substitute teacher, where she stayed for another year." Defendant admits Plaintiff's allegations that, "At the beginning of the 1999-2000 school year, Ms. Berlanga was transferred to the Alternative Center, where she was again under the supervision of Valent."

7.     With respect to paragraph No. 7 of Plaintiff's Third Amended Original Complaint, Defendant admits Plaintiff's allegation that she was assigned to the Alternative Center. Defendant has insufficient information to either admit or deny Plaintiff allegation that, "Mr. Valent told her he did not have anything for her at this campus and that he was going to call the office to straighten out the matter." Defendant denies Plaintiff's allegation that, "She was ultimately assigned to the position of assistant physical education coach". Defendant denies Plaintiff's allegations that, "This confirmed BISD's abdication of employment decisions and other matters at the Alternative Center Campus to Mr. Valent." With regard to Plaintiff's allegations that, "Shortly after the beginning of the school year, Mr. Valent started making suggestive sexual remarks to Ms. Berlanga…", Defendant has insufficient information to either admit or deny those matters stated. With regard to Plaintiff's assertion that, "…to which she would constantly object," Defendant denies the allegation. With regard to Plaintiff's assertion that, "He would belittle her and tell her she did not do anything", Defendant has insufficient information to either admit or deny those matters stated. Defendant admits Plaintiff's assertion

that, "He would change her daily assignment from being P.E. coach on one day and a substitute teacher on another day." Defendant denies the allegations that, "The actions of Mr. Valent were apparently designed to emphasize his control over the determination of Ms. Berlanga's continued employment, and served to degrade her self-esteem." Defendant admits that Mr. Valent had justified reasons to discipline Ms. Berlanga. Defendant has insufficient information to either or admit or deny that Mr. Valent would find numerous reasons that were not justified to discipline or chastise Ms. Berlanga. Defendant has insufficient information to either admit or deny Plaintiff's assertion that, "After a period of time had passed, when he would chastise Ms. Berlanga for any minor violation, in escorting her out of his office Valent would grab her buttocks", however, Defendant does admit that Plaintiff committed violations. Defendant has insufficient information to either admit or deny Plaintiff's assertion that, "Valent thereby began a program of discrimination and assault through the use of tactics of intimidation, emphasizing that he was in charge of her evaluations, discipline and continued employment at the Alternative Center." Defendant has insufficient information to either admit or deny Plaintiff's assertion that, "His actions eventually led to, and included, the physical, sexual and emotional assault of Ms. Berlanga, including through oral and vaginal penetration against her will." Defendant has insufficient information to either admit or deny what Mr. Valent made clear to Plaintiff. However, Defendant denies, "that she had neither any bases on which, nor any other person to whom, she could complain."

8.      With respect to paragraph No. 8 of Plaintiff's Third Amended Original Complaint, Defendant denies that any of the alleged actions attributed to Defendant Edward A. Valent by Plaintiff in paragraphs No. 6, 7 and 8 of Plaintiff's Second Amended Original Complaint, which were not specifically admitted above, were within "the course and scope of his

6

[Valent] employment with Defendant". Defendant admits that part of the Edward A. Valent job duties would be the evaluation of Plaintiff's work. Defendant admits that, "Mr. Valent maintained control of Plaintiff's daily assignment, which could change frequently". Defendant admits that part of Mr. Valent's duties was to evaluate Plaintiff. Defendant has insufficient information to either admit or deny Plaintiff's allegation that, "and his evaluation included demands for sexual favors, compliance with his sexual demands, and subjecting her to nude photography." Defendant has insufficient information to either admit or deny Plaintiff's assertion that, "As a result of the actions of Valent, including the added stress and humiliation, Plaintiff suffered extreme mental anguish and humiliation, and was ultimately admitted to the hospital on March 12, 2000, suffering from epileptic seizures."

9.      With respect to paragraph No. 9 of Plaintiff's Third Amended Original Complaint, Defendant has insufficient information to either admit or deny Plaintiff's assertion that Plaintiff complained at numerous times to Mr. Valent. However, Defendant denies that, "a security guard was aware of at least one instance of assault by Valent." Defendant has insufficient information to either admit or deny Plaintiff's allegation that, "no action was ever taken by Valent." Defendant denies Plaintiff's allegation that, "BISD took no action to curtail or prevent the actions of Valent." Defendant denies any of the alleged actions attributed to Defendant Edward A. Valent by Plaintiff in paragraphs No. 6, 7, 8 and 9 of Plaintiff's Second Amended Original Complaint, which were not specifically admitted above, were "permitted through the custom, policy or procedure of Defendant BISD".

10.     With respect to paragraph No. 10 of Plaintiff's Third Amended Original Complaint, Defendant has insufficient information to either admit or deny Plaintiff's assertion that, "Plaintiff Berlanga eventually summoned enough courage" regarding the filing of a

7

CutePDF - www.tesisa.com

complaint against Edward A. Valent. Defendant admits that Plaintiff filed "a complaint against her supervisor, the director of the Alternative Center Campus, Defendant Edward A. Valent, directly with BISD." Defendant admits that a complaint was filed with Defendant BISD and that BISD conducted an investigation into the merits of Plaintiff's allegations. Defendant denies that the investigation was limited by the word "some". Defendant denies that Defendant took no action whatsoever to discipline Valent. Defendant denies, "allowing him instead to submit a letter of resignation or retirement." Defendant admits that Edward A. Valent submitted a letter of resignation and also retired. Defendant admits pursuant to its investigation, a recommendation was put forward that Defendant Edward A. Valent retirement take effect immediately and that he be placed on unpaid leave. Defendant denies that no further action was taken by BISD. Defendant denies Plaintiff's assertions that, "As a result, Defendant BISD never submitted any conclusion on the merits of Plaintiff's allegations, and took no further action whatsoever that would indicate that the actions of Valent were other than the accepted custom, policy and procedure of Defendant BISD." Defendant admits Plaintiff's allegation that Plaintiff filed a criminal complaint against Edward A. Valent with Defendant's internal Police Department, that the Department conducted an investigation, and that no criminal prosecution was commenced against Defendant Valent prior to his death.

VII.

CAUSES OF ACTION

11.    With respect to paragraph No. 11 of Plaintiff's Third Amended Original Complaint, Defendant re-alleges its answers to prior paragraphs. Plaintiff denies that, "Edward A. Valent was a policymaking officer of Defendant Brownsville Independent School District". Defendant denies that, "Valent set and established employment policy decisions at the

Alternative Center campus of Defendant BISD". Defendant denies that all hiring, and firing decisions and policies at the Alternative Center campus were left to the discretion of Valent. Defendant admits that as Principal, Edward A. Valent was responsible for evaluations. Defendant admits that as Principal, Edward A. Valent was the highest supervisory authority at the Alternative Center campus. Defendant denies that, "At all times material hereto, Valent was acting under color of state law or authority". Defendant denies that the actions of "Defendant BISD reflected [its] deliberate indifference to Plaintiff's known constitutional rights". Defendant denies that, "at all times material hereto, Valent was acting under color of law and authority as the person with ultimate authority for employment-related decisions and actions at the Alternative Center campus of BISD.

12.    With respect to paragraph No. 12 of Plaintiff's Third Amended Original Complaint, Defendant has insufficient information to either admit or deny Plaintiff's allegation that, "Based on the actions described herein, Defendant Estate of Edward A. Valent, individually, is liable to Plaintiff Rosa M. Berlanga for false arrest, detention and imprisonment, assault, battery, negligence and intentional infliction of emotional distress, in accordance with applicable state law. In addition, because the actions of Valent described herein constituted a violation of Plaintiff Berlanga's clearly established constitutional rights of which a reasonable person would have known, pursuant to Defendant BISD's custom, policy and/or procedure, in volition of her rights to be free from unreasonable search and seizure, not to be deprived of liberty without due process of law, to privacy, and to the equal protection of the laws, in violation of 42 U.S.C. §1983 and the Fourth, Fifth, Ninth and Fourteenth Amendments to the U.S. Constitution, Defendant Estate of Edward A. Valent... or further liable to the Plaintiff herein." Defendant denies that Defendant is liable to Plaintiff herein "because the action of

9

Valent described herein constituted a violation Plaintiff Berlanga's clearly established constitutional rights of which a reasonable person would have known, pursuant to Defendant BISD's custom, policy and/or procedure, in violation of her rights to be free from unreasonable search and seizure, not to be deprived of liberty without due process of law, to privacy, and to the equal protection of the laws, in violation of 42. U.S.C. §1983 and the Fourth, Fifth, Ninth and Fourteenth Amendments to the U.S. Constitution…". Defendant denies that, "Defendant BISD is liable for the actions taken by Valent described herein, which were part of a custom, policy or procedure established, adopted or otherwise accepted by Defendant Brownsville Independent School District, directly or indirectly."

13.    With respect to paragraph No. 13 of Plaintiff's Third Amended Original Complaint, Defendant denies Plaintiff's assertion that, "Defendant BISD further violated her constitutional rights to due process and to the equal protection of the laws described herein through Defendant BISD's custom, policy or procedure of refusing to make findings of fact regarding Plaintiff's allegations after she submitted her complaint to BISD's administration, refusing to prevent or to take any disciplinary action against Valent for his unconstitutional, offensive, improper and criminal conduct described herein, and refusing to prosecute Valent based on the facts provided by Plaintiff." Defendant denies that its custom, policy, or procedure allows for Plaintiff's alleged violations. Defendant denies that Plaintiff requested the results of Defendant BISD's investigation on her complaint. Defendant denies Plaintiff's assertions that, Defendant BISD failed, and continues to fail, to provide Plaintiff with any results from its alleged investigation.

14.    With respect to paragraph No. 14 of Plaintiff's Third Amended Original Complaint, Defendant admits that, "Defendant BISD is an educational institution governed by

Title IX, of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.*" Defendant denies that its actions constitute, "discrimination on the basis of sex, for which Defendant is liable to Plaintiff."

15.    With respect to paragraph No. 15 of Plaintiff's Third Amended Original Complaint, Defendant admits that Plaintiff, "timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC)..." Defendant denies that Plaintiff's Charge of Discrimination with the United States Equal Employment Opportunity Commission complained, "of the sexual discrimination, harassment and assault described herein". Defendant admits at the conclusion of that investigation, the EEOC issued its determination, concluding that Defendant BISD, "violated Title VII by subjection Charging Party and other females to a sexually hostile work environment that included *quid pro quo* sexual harassment." Defendant has insufficient information to either admit or deny Plaintiff's allegation that she received her Right to Sue letter dated June 13, 2001. Defendant has insufficient information to either admit or deny Plaintiff's assertion that Plaintiff's alleged Right to Sue letter provides Plaintiff with authorization to submit "this action for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, and 42 U.S.C. §1981a for the sexual discrimination, harassment and assault, including hostile work environment and *quid pro quo* sexual harassment, described herein."

16.    With respect to paragraph No. 16 of Plaintiff's Third Amended Original Complaint, Defendant has insufficient information to either admit or deny Plaintiff's assertion that, "Valent... acted without authority of law, willfully, knowingly and purposely, and with conscious and deliberate indifference to Plaintiff's known constitutional, statutory and personal rights, and in knowing violation of those rights described above, for which [Defendant] [is] liable

11

to Plaintiff for exemplary or punitive damages." Defendant denies that Defendant "acted without authority of law, willfully, knowingly and purposely, and with conscious and deliberate indifference to Plaintiff's known constitutional, statutory and personal rights, and in knowing violation of those rights described above, for which [Defendant] [is] liable to Plaintiff for exemplary or punitive damages. Further, Defendant denies that it can be held liable for exemplary or punitive damages."

VIII.

DAMAGES

17.     With respect to paragraph No. 17 of Plaintiff's Third Amended Original Complaint, Defendant re-alleges its answers to prior paragraphs. Defendant denies that Plaintiff is entitled to the relief requested in paragraph No. 17 of Plaintiff's Third Amended Original Complaint, including, but not limited to subparts A, B, C, D and E.

18.     With respect to paragraph No. 18 of Plaintiff's Third Amended Original Complaint, Defendant denies that Plaintiff is now suffering and will continue to suffer irreparable injury from [Defendants] actions, policies, practice, customs, procedures and usages. Defendant denies that Plaintiff is entitled to the relief requested in paragraph no. 18 of Plaintiff's Third Amended Original Complaint. Defendant denies Plaintiff's assertion that, "other than through this lawsuit, Plaintiff has no real, adequate or complete remedy at law to redress the wrongs alleged, and this action is the only means of securing adequate relief.

IX.

CONDITIONS PRECEDENT

19.    With respect to paragraph No. 19 of Plaintiff's Third Amended Original Complaint, Defendant denies that all conditions precedent to the filing of this action and the recovery of the damages prayed for herein, have occurred and have been preformed.

X.

## JURY DEMAND

20.    With respect to paragraph No. 20 of Plaintiff's Third Amended Original Complaint, Defendant admits that Plaintiff has requested a jury.

XI.

## JURY DEMAND BY DEFENDANT

Defendant Brownsville Independent School District requests that a jury be convened to determine the factual issues in this case.

XII.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested and Defendant requests such other and further relief to which Defendant may be entitled.

13

Respectfully submitted,

By: _D. Roderick MacRae II_

    D. Roderick MacRae II
    Attorney-In-Charge
    State Bar No. 00788955
    Federal Adm. No. 21824

    Roger D. Hepworth
    State Bar No. 09498980
    Federal Adm. No. 12816

HENSLEE, FOWLER, HEPWORTH
& SCHWARTZ, L.L.P.

800 Frost Bank Plaza
816 Congress Avenue
Austin, TX 78701-2443
Telephone:    512/708-1804
Facsimile:    512/708-9037

**ATTORNEYS FOR DEFENDANT
BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing **DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER TO PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT** was serviced upon the following counsel of record, by Certified Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil procedure, on this the 9th day of October, 2001.

Mr. J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, TX 78520
ATTORNEY FOR PLAINTIFF, SANDRA DOE

Mr. Richard E. Zayas
Zayas & Zamora
3100 East 14th Street
Brownsville, TX 78520
ATTORNEY FOR PLAINTIFF, SANDRA DOE

Mr. David Horton
Neel & Horton, L.L.P.
P.O. Box 2159
South Padre Island, TX 78597
ATTORNEY FOR DEFENDANT, EDWARD A. VALENT

Mr. Paul Hemphill
Attorney-at-Law
815 Ridgewood
Brownsville, TX 78520
ATTORNEY FOR DEFENDANT, EDWARD A. VALENT

D. Roderick MacRae II

01900-12-Ans to 3rd Amended Orig Pet 10-9-01.doc

15